## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

## SAUNDERS AND OTHERS V. BANK OF MECKLENBURG AND OTHERS.

### June 8, 1911.

1. CORPORATIONS—*Dissolution—New Business—Securing Old Debts.*— The taking of a new note by a corporation after dissolution, as collateral security for a pre-existing debt, or as part payment thereof, is not engaging in new business, but merely a means of securing the payment of the existing indebtedness.

2. CORPORATIONS—*Contracts After Dissolution—Actions On.*—The general rule (and there is nothing in section 1105-a, clause 15 of the Code of 1904 to change the rule) is that the defense that a corporation had forfeited its charter for acts of non-user or misuser, or that it had been dissolved at the time a contract with it was made, cannot be made to an action by the corporation on the contract, until after such forfeiture or dissolution has been judicially determined in a proceeding instituted for that purpose.

3. STATUTE OF FRAUDS—*Debt of Another—Negotiable Note.*—The Virginia statute does not require, as did the fourth section of the English statute of frauds, that a writing evidencing a promise to pay the debt of another shall show on its face the agreement between the parties in order to be valid, but only that *the promise* to answer for the debt of another, or some memorandum or note thereof, shall be in writing. A negotiable note made by third persons and given to the creditor as collateral security for, or in part payment of, a debt due by another is a sufficient compliance with the statute of frauds of this State.

4. CONTRACTS—*Consideration—Statute of Frauds.*—Although an unsealed writing to pay the debt of another sufficiently complies with the statute of frauds, it is not binding unless supported by a valuable consideration.

5. CONTRACTS—*Illegal Consideration—Case at Bar—Instructions.*— When the instructions given in the case at bar are read together and in connection with the pleadings, it appears that the jury was fairly instructed that an agreement that a third person should not be *indicted* for a felony would be an illegal

consideration for a note as well as an agreement that he should not be *prosecuted* and *tried*, and that the court and counsel treated the words "indicted" and "prosecuted" as synonymous.

6.  CONTRACTS—*Consideration—Forbearance to Sue—Agreement to Forbear.*—While a forbearance to sue, without any agreement to that effect, is not a sufficient consideration for a promise to· pay the debt of a third person, even through the act of forbearance was induced by the promise, yet an agreement to forbear may be implied from the conduct of the parties and the nature of the transaction. Mere forbearance, however, is not conclusive evidence of an agreement to forbear, and an agreement to forbear, express or implied, is absolutely essential.

·7.  APPEAL AND· ERROR—*Objections for First Time.*—This court will not consider objections to instructions to which no exception was taken in the trial court.

8.  PLEADING—*Motion for Judgment—Notice—Liberal Construction.*—The pleadings on a motion for a judgment for money, after notice, are intended to be of a very informal nature, except where statutes require otherwise, as under section 3299 of the Code, and hence it was not error for the trial court to refuse to instruct the jury that the terms of notice for a judgment were not such as to permit the plaintiff to recover on a note given by the defendants to the plaintiff as collateral security for the debt of another.

Error to a judgment of the Circuit Court of Mecklenburg county in a proceeding by motion for a judgment for money. Judgment for the plaintiffs. Defendants assign error.

*Reversed.*

The following is a copy of the notice of the motion for a judgment referred to in the opinion of the court, and of the note sued on:

NOTICE.

"To A. A. Saunders, Neva S. Prince and Clara C. Saunders:

"Take notice that on Monday, the 18th day of October, 1909, that being the first day of the October term of the Circuit Court for the county of Mecklenburg, Virginia, as fixed by law, The Bank of Mecklenburg, suing for the bene-

fit of C. T. Reekes and J. W. Edmondson, receivers for said
The Bank of Mecklenburg, shall, by its attorneys, move the
said court for a judgment against you and each of you for
the sum of ten thousand dollars ($10,000.00) with interest
thereon from the 28th day of April, 1909, till paid, which
amount you owe by virtue of a certain negotiable note made
by you, bearing date on the 28th day of April, 1908, for the
sum of ten thousand dollars, payable to the said The Bank
of Mecklenburg, or order, twelve months after the date
thereof at The Bank of Mecklenburg, Chase City, Va.

"A copy of which said note is hereto attached as a part of
of this notice.

"Given under its hand, this 21st of September, 1909.

"Respectfully,

"THE BANK OF MECKLENBURG,

"Suing for the benefit of C. T. Reekes and
J. W. Edmonson, receivers for the said
The Bank of Mecklenburg,

"By Counsel."

COPY OF NOTE.

"No.............Due...............
"10,000.00.          Chase City, Va., April 28, 1908.

"Twelve months after date we promise to pay to The
Bank of Mecklenburg, or order, without offset, Ten thou-
sand...................Dollars, negotiable and payable
at The Bank of Mecklenburg, Chase City, Virginia, for
value received, having deposited as collateral security for
the payment of the same...........................
..................................................
..................................................
..................................................
..................................................
with authority to the holder to sell the same at public or
private sale, or otherwise, without notice, at its option, on

the non-performance of this promise. In the event of such sale, the surplus, if any after the payment of this note, together with all protest, damages, interest, cost and charges, shall be paid to the drawer of this note or at the election of the holder hereof, be paid on any other obligation of the drawer hereof, whether a principal debtor or otherwise, held by the holder hereof: and if the proceeds of such sale shall not be sufficient to pay this note, the drawer hereof agrees to make good any deficit. In case of depreciation of the market value of any security pledged for this obligation, the drawer agrees to deposit, on demand, a further amount of collateral, and upon failure to deposit such additional security, this note shall be deemed to be due and payable forthwith, anything hereinbefore expressed to the contrary notwithstanding, and the holder may immediately reimburse himself by the sale of the security.

"The maker and endorser of this note hereby waive the benefit of the HOMESTEAD EXEMPTION as to this debt, and also waive presentment, demand, protest and notice of the same.

"A. A. SAUNDERS,

"NEVA S. PRINCE,

"CLARA C. SAUNDERS."

Copy of instructions 7 and 9 tendered by the defendants, but refused by the court:

### INSTRUCTION NO. 7.

"The court instructs the jury that unless they believe from the evidence that the plaintiffs have proved by a preponderance of the evidence that the consideration for the note dated April 28th, 1908, was as alleged in their replication to defendants' plea number 5, they must find for the defendants. The proof of any consideration other than that set out in said replication is insufficient to justify a verdict for the plaintiff."

INSTRUCTION NO. 9.

"The court instructs the jury that unless they believe from the evidence that the note of April 28, 1909, was delivered to the Bank of Mecklenburg primarily as the obligation of the defendants, and not as collateral to secure an indebtedness of the Kershaw Manufacturing Company, to the Bank of Mecklenburg, they must find for the defendant."

*John A. Lamb* and *Samuel A. Anderson*, for the plaintiffs in error.

*E. P. Buford* and *W. E. Homes*, for the defendants in error.

BUCHANAN, J., delivered the opinion of the court.

This is a proceeding by notice and motion under section 3211 of the Code to recover a judgment on a promissory note for $10,000, made by the plaintiffs in error, Mrs. A. A. Saunders, Mrs. Clara C. Saunders and Mrs. Neva S. Prince, payable to the defendant in error, the Bank of Mecklenburg, dated April 28, 1908, and due twelve months after date.

The Bank of Mecklenburg suspended business on the 13th of April, 1908, on account of its insolvency. It had been in business from the year 1872 or 1873, with a principal office at Boydton and a branch office at Chase City. The insolvency of the bank seems to have resulted from the action of the cashier at Boydton in permitting one of its customers who became insolvent to overdraw his account by more than $100,000, and the action of the cashier at Chase City in allowing the Kershaw Manufacturing Company, another of its customers, which was also insolvent, to overdraw its account to the extent of some $29,000. When the stockholders ascertained the condition of the bank, one-fourth or more of them in interest, who were also creditors,

filed their bill in the Circuit Court of Mecklenburg county, pursuant to the provisions of section 1105-a, sub-section 15, Va. Code, 1904, for the purpose of winding up and dissolving the corporation, and enjoining the bank, its officers and directors from disposing of its assets, and praying for the appointment of a receiver or receivers to take charge of its affairs, to collect the debts due and payable to it, for such disposition of its assets as might be just and equitable, and for general relief.

The bank filed its answer, in which it admitted the allegations of the bill. As prayed for, the court granted an injunction and appointed receivers. Afterwards, on the 28th day of April, 1908, the note sued on was made.

Upon the trial of the cause, there was a verdict and judgment for the plaintiff bank for the benefit of its receivers. To that judgment this writ of error was awarded.

The principal errors assigned, in substance, are: (1) That the bank, at the time the note was made, was a dissolved corporation and could not be legally made the payee thereof; (2) That if the note was a promise to pay the debt of another, it is not a sufficient promise in writing under the statute of frauds; (3) That it was given for an illegal consideration; (4) That the note was without consideration.

The questions involved in these assignments of error were raised in the circuit court by pleas, objections made to evidence, instructions given and refused, and by a motion to set aside the verdict as contrary to the law and the evidence. The assignments of error will be considered, for the most part, without reference to the manner in which the questions involved were raised.

As to the first assignment of error: It is true that at the time the note sued on was made the makers thereof were not indebted to the plaintiff bank, but it was executed in part payment, or as collateral for the payment, of the debt due from the Kershaw Manufacturing Company by

overdraft, before the bill for winding up the affairs and dissolving the bank was filed. The taking of the note, however, was not in any sense engaging in new business, as is argued on the part of the bank, but was merely a means of securing the payment of an existing indebtedness. While the object of the proceeding under section 1105-a, sub-section 15, Va. Code, 1904, was to wind up the business and dissolve the bank corporation because of its insolvency, no decree, when the note sued on was made, had been, or so far as the record shows has ever been, made dissolving the corporation.

The general rule (and there is nothing in the statutes under which the bill was filed to wind up and dissolve the corporation to change that rule) is, that no defense can be made to an action by a corporation on a contract made with it that it has forfeited its charter for acts of nonuser or misuser, or that it has been dissolved, until after such forfeiture or dissolution has been judicially determined in a proceeding instituted for that purpose. See *Banks* v. *Poitiaux*, 3 Rand. 136, 15 Am. Dec. 706; *Crump* v. *Mining Co.*, 7 Gratt. 352, 56 Am. Dec. 116; *Pixley, &c.* v. *Roanoke Nav. Co., &c.* 75 Va. 320; 1 Min. Inst. 637; 2 Cook on Stockholders, sec. 637; 2 Clark & Marshall, sec. 324; 10 Cyc. 1345.

The next question to be considered is whether or not the note for the payment of the debt of another is sufficient under section 2840 of the Code, which provides, among other things, that no action shall be brought "to charge any person upon a promise to answer for the debt, default or misdoings of another . . . unless the promise, contract, agreement, representation, assurance, ratification, or some memorandum or note thereof be in writing and signed by the party to be charged thereby or his agent; but the consideration need not be set forth or expressed in the writing, and it may be proved (where a consideration is necessary) by other evidence."

57

Our statute does not require, as did the fourth section of the English Statute of Frauds, that a writing evidencing a promise to pay the debt of another shall show on its face the agreement between the parties in order to be valid. The difference between the two statutes is commented upon by the judges delivering opinions in the case of *Colgin* v. *Henley,* 6 Leigh 85. At that time there was no provision in our statute that the consideration for the promise need not be stated in the writing, but could be shown by parol evidence. In that case the court seemed to think that the statute was satisfied if the promise to pay the debt of another was in writing.

In the case of *Packard* v. *Richardson,* 17 Mass. 122, 9 Am. Dec. 123, in which the Massachusetts statute (substantially the same as the English it seems) was construed, it was said by Chief Justice Parker that the object of the statute was to secure certain and definite evidence of the existence and terms of the promise sought to be enforced against the defendant, and it ought not to be carried further by arguments founded upon the technical meaning of the word "agreement." It was, therefore, decided in that case that if the nature and extent of an undertaking for the debt or default of another appear in writing, the demands of the statute are satisfied, and the consideration by which the agreement is upheld may be shown, as in other cases, by parol evidence.

And as the learned editors of Smith's Lead. Cases say, in their note to the case of *Wain* v. *Walters,* Vol. 2, p. 291 (5th Am. ed.), the same course of decision has been generally followed in the New England States as well as in most other parts of the Union, citing a number of cases, "and there can be little doubt of its soundness where, as in some of the States, the word *promise* (as in Virginia) has been substituted for or introduced with the word *agreement* in the fourth section of the statute."

The writing sought to be enforced against the defendants in this case shows clearly the nature and extent of their undertaking and, as it seems to us, satisfies the requirements of that section of our statute of frauds, the construction of which is involved in this case.

Although the writing was a sufficient compliance with the requirement of the statute of frauds, it was not binding unless supported by a valuable consideration. *Colgin* v. *Henley, supra.* The defendants insist that the consideration for the note was that Haskins, the cashier of the Chase City branch of the plaintiff bank, should not be indicted or prosecuted, and as this was an illegal consideration there can be no recovery upon the note. There was evidence tending to show that the defendants made the note upon that understanding.

That question was submitted to the jury upon the following instructions:

1. "The court instructs the jury that to render the note for $10,000 sued on in this cause illegal on the ground that it was given on the consideration of an agreement that C. Haskins, the late cashier of the Chase City branch of the Bank of Mecklenburg, should not be prosecuted for a felony committed by him as such cashier, it is necessary that there should have been an agreement to that effect, either express or implied, between the parties to this cause, and it is essential that such agreement must have been that the said C. Haskins should not be prosecuted for such felony."

4. "The court instructs the jury that even though they may believe from the evidence that the defendants and each of them signed the note dated April 28, 1908, for $10,000.00 and introduced in evidence in this case, yet if the jury further believes from the evidence that the said note was executed under an agreement, expressed or implied, between the parties to this cause that one C. Haskins who had been an employee of the Bank of Mecklenburg, and

had been charged with a criminal offense, to-wit: a felony, would not be indicted or prosecuted for said criminal offense, then the court instructs the jury that there was no legal consideration for said note and that the same is void and the jury should find for the defendants."

Exception was taken to the giving of instruction No. 1. The objection made to that instruction is that it told the jury, in effect, that in order for an agreement between the parties to the note to render it invalid there must be an agreement that Haskins should not be *prosecuted or tried,* and that an agreement that he should not be *indicted* would not invalidate it.

When instructions Nos. 1, 4 and 5 are read together and in connection with the plea setting up that defense, that the note was made for unlawful consideration, it seems to us that the terms "indicted" and "prosecuted" were treated as synonyms by the court and counsel, and that the question whether or not the consideration for the note was unlawful was fairly submitted to the jury.

The consideration for the writing sued on, as claimed by the plaintiff, was, (1) that "the note was given for a present indebtedness of the Kershaw Manufacturing Company, was made payable at a future date, and was accepted and acted upon by the receivers" of the plaintiff bank; and (2) that it was given "as a part of the subscriptions made by various persons who contributed to make the restitution" (that is, to pay the overdraft debt of that company), and having been accepted by the receivers, who on the faith thereof forebore to sue on the bond of the cashier or on the notes of the Kershaw Manufacturing Company, endorsed by C. H. and W. H. Saunders.

There was evidence tending to sustain the plaintiff's contention as to the consideration, and two instructions, numbered 2 and 7, on that question were given.

No. 2 is as follows: "The court instructs the jury that

the forbearance to sue for a debt which is due, is a legal and valuable consideration for a promise made by a third person to pay such debt, and that a note payable at a future date, given for a present debt, is evidence of an agreement to suspend the remedy for the debt until the note is due, and, if the jury believe from the evidence that at the time the note sued on in this case was executed the Kershaw Manufacturing Company was indebted to the Bank of Mecklenburg in the sum of about $35,000.00, evidenced by notes endorsed by C. H. Saunders and W. H. Saunders and that the note sued on was given as part payment of the said indebtedness, and that in consideration thereof, the plaintiffs in this case have from the time the said note was delivered to them hitherto, forborn to sue on the said indebtedness of the Kershaw Manufacturing Company to the said Bank of Mecklenburg, said note for $10,000.00 is supported by a consideration deemed legal and valuable in law, and the jury should find for the plaintiffs."

The objections urged to instruction No. 2 are that there is no evidence of an agreement between the parties to forbear suing in consideration of the undertaking to pay the debt of the Kershaw Manufacturing Company, and that it does not correctly state the law, even if there were such evidence.

It is true that there is no evidence of an express agreement to forbear suing, but the evidence shows that the receivers of the plaintiff bank did forbear bringing suit, and there is also evidence tending to show that they did not sue because of the undertaking of the defendants and others to pay the overdraft debt of the Kershaw Manufacturing Company.

While it seems to be settled that the mere forbearance to sue, without an agreement to that effect, is not a sufficient consideration for a promise to pay the debt of the person liable, even though the act of forbearance was induced by

the promise, yet an agreement to forbear may be implied from the conduct of the parties and the nature of the transaction. 9 Cyc. 343; 6 Am. & Eng. Enc. Law 744, and cases cited.

In *Boyd* v. *Frieze*, 5 Gray (Mass.) 553, it was held that forbearance to sue on a debt due and payable, upon receiving a personal promise of payment from the assignee *in pais* of the debtor, was evidence from which a jury might infer an agreement to forbear.

While forbearance to sue is evidence from which a jury may infer an agreement to forbear, it is not conclusive. The facts that the defendants did execute the note sued on, and that the plaintiff did forbear to sue because of its execution, do not show a consideration for the undertaking to pay the debt of another, unless there was an agreement, express or implied, that the plaintiff would forbear to sue. Such an agreement is absolutely essential; yet under instruction No. 2 the jury might have rendered a verdict for the plaintiff without finding that there was any such agreement. The instruction was, therefore, erroneous.

Instruction No. 7 was in the following language: "The court instructs the jury that if they believe from the evidence that the note dated April 28, 1908, was given in consideration of the fact, and with the understanding that the sum of $28,000 would be raised by the friends of C. Haskins for the purpose of making up a deficit alleged to be due by C. Haskins to the Bank of Mecklenburg, and that the sum of $28,000 was not raised but only a part thereof was raised, then the consideration of said note failed and the jury should find for the defendants."

That instruction in effect declares that the note sued on was given for a sufficient consideration, if the full amount undertaken to be raised by the friends of Hankins, cashier, was in fact raised. Some questions were discussed here

which involve the correctness of that instruction, but as no exceptions were taken to it in the trial court, they will not be considered.

Error is also assigned to the action of the court in refusing to give instructions numbered 7 and 9, offered by the defendants, upon the ground that the terms of the notice of the motion for judgment are not such as to permit the plaintiff to recover upon a note made and delivered as collateral to secure the payment of a debt due the plaintiff bank from the Kershaw Manufacturing Company.

The court properly refused to give those instructions, because the pleadings on a motion for a judgment for money after notice are intended to be of a very informal nature, except where statutes require otherwise, as under section 3299 of the Code. See *Liskey* v. *Paul,* 100 Va. 764, 42 S. E. 875; *Board of Sup.* v. *Washington Co.,* 27 Gratt. 608; *Blanton* v. *Commonwealth,* 91 Va. 1, 20 S. E. 884; *Union, &c. Co.* v. *Pollard,* 94 Va. 153, 26 S. E. 421, 64 Am. St. Rep. 715, 36 L. R. A. 271.

As the case must be reversed because instruction No. 2 given by the court was erroneous, and the cause remanded for a new trial, it is unnecessary to consider the assignment of error, that the verdict of the jury is contrary to the law and the evidence, as the evidence may not be the same on the next trial.

The judgment complained of must be reversed, the verdict of the jury set aside, and the cause remanded for a new trial to be had not in conflict with the views expressed in this opinion.

*Reversed.*