FIRST NATIONAL BANK OF FORT SMITH, ARKANSAS

*v.* NAKDIMEN.

Opinion delivered February 2, 1914.

1. GUARANTY—NECESSITY FOR CONSIDERATION.—A contract of guaranty is unenforceable when not supported by any consideration. (Page 227.)

2. GUARANTY—FORBEARANCE—CONSIDERATION.—A forbearance, without a promise to forbear, is not a sufficient consideration to support a contract of guaranty. (Page 228).

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; affirmed.

*Cravens & Cravens,* for appellant.

1. An agreement not to exercise a legal right is a valid consideration. Forbearance or surrender of a thing of value is sufficient consideration. 106 Ark. 1; 64 Ark. 637; 27 *Id.* 407. Mutual promises or undertakings

constitute sufficient consideration. 83 Ark. 153; see, also, 99 Ark. 241; 33 *Id.* 97; 1 *Id.* 103. The consideration may go to a third party. 40 Ark. 69.

2. The burden of proving no consideration is on defendant. 35 Ark. 279; 33 *Id.* 97.

3. The guaranty was special and not conditional. 71 Ark. 585; 59 *Id.* 86.

4. An agreement to extend the time is sufficient. 14 A. & E. Enc. L., § § 1135-6.

*Winchester & Martin,* for appellee.

1. There was no consideration for the guaranty. 45 Ark. 67-78; 43 *Id.* 21; 21 *Id.* 18.

2. The court properly directed a verdict. 53 Ark. 161-166; 103 *Id.* 260-264; 104 Ark. 79; 3 Cush. 158; 20 Cyc. 281, par. 9.

McCulloch, C. J. Appellant is a national banking corporation located at the city of Fort Smith, and, on January 4, 1909, deposited in the First National Bank, of Fort Gibson, Oklahoma, the sum of $2,500, and received a certificate of deposit signed by the cashier. While the certificate of deposit was outstanding and unpaid in the hands of appellant, the First National Bank of Fort Gibson fell into financial straits, and the stockholders held a meeting and selected appellee as their agent to take charge of the bank and liquidate its assets. He accepted the position and proceeded with the duties thereof, and, while so engaged, correspondence arose between him and appellant, which resulted in appellee's writing appellant on January 20, 1910. engaging himself to guarantee payment of the deposit. The alleged guaranty is stated in the following words: "Referring to the certificate of deposit given by the First National Bank of Fort Gibson, will say that it is absolutely good. And if you want me to guarantee payment of same I will do so. I am pretty sure it will be paid within sixty, and not later than ninety, days. It is absolutely good and I will guarantee the payment of the same." The name of appellee was affixed to the letter by rubber stamp, and on his attention being called to that fact by a letter of appellant, he wrote

another the next day, reiterating his guaranty, in the following language: "In reply to your letter of January 20, will say that the stencil was used without giving it a second thought. I will repeat what I said in my last letter: I will guarantee the payment of the certificate of deposit given by the First National Bank of Fort Gibson, No. 175, for $2,500, with a payment thereon of $478.26, and which leaves a balance of $2,118.79, with interest."

The amount of the deposit with interest was paid by appellee out of the assets of the bank down to the sum of $355.45, and appellant instituted this action against appellee to recover on his alleged contract of guaranty the unpaid balance of the deposit. Appellant alleged in its complaint that said contract of guaranty was executed by appellee in consideration of a promise on the part of appellant to allow appellee to wind up the affairs of the Oklahoma bank and to extend the time of payment a reasonable length, and not to take steps to collect the debt otherwise.

Appellee answered, setting up as a defense, among other things, the absence of consideration for his contract of guaranty.

When the introduction of evidence was concluded, the court gave a peremptory instruction in appellee's favor, and judgment was rendered accordingly, from which an appeal has been prosecuted.

The facts of the case are undisputed, the only witness who testified in the case being the cashier of appellant bank. There is nothing in his testimony, as abstracted, except to establish the execution of the contract by appellee. He read in evidence the two letters, and appellee does not dispute the fact that he wrote them. There is not a particle of evidence in support of appellant's allegation that it was agreed, in consideration of appellee's guaranty of the debt, to allow him "to wind up the affairs of said Oklahoma bank and to extend the time of payment a reasonable length of time, and not take steps to collect the debt otherwise."

The court was, therefore, correct in giving the peremptory instruction, for the reason that no consideration for appellee's contract of guaranty was proved.

"A guaranty," as is stated in one of the encyclopedias of law, "is a collateral undertaking by one person to be answerable for the payment of some debt or the performance of some duty or contract for another person who stands first bound to pay or perform. There can only be a contract of guaranty where there is some principal or substantive liability to which it is collateral; if there is no debt, default, or miscarriage of a third person either present or prospective, there can be nothing upon which to base a contract of guaranty." 20 Cyc. p. 1397.

The contract must be based upon a consideration. The law on that subject is well settled, and is concisely stated as follows:

"It is essential to a valid contract of guaranty that there be a sufficient legal consideration. If there is not to be found in the contract either a benefit to the principal debtor or to the guarantor on the one hand, or some detriment to the guarantee on the other, the contract will fail for want of a consideration. The mere naked promise in writing to pay the existing debt of another without any consideration therefor is void. * * * The guaranty of a pre-existing debt relates to a past consideration and therefore to be valid must be based upon a new and additional consideration. Such a consideration may be found in an agreement to extend the time of the payment of the debt, or to forbear suit thereon. And a promise to forbear generally without specifying any time is a sufficient consideration. But mere forbearance to sue the debtor, without any agreement to that effect on the part of the creditor, is not a sufficient consideration for a guaranty of the debt." 20 Cyc. pp. 1413, and 1417.

In an instructive opinion on this subject delivered by the New York Court of Appeals, through Chief Justice Ruger, the law is stated as follows:

"It is entirely immaterial whether this guaranty be

regarded as an original or collateral contract. Both equally required a consideration to support them, and the distinction between them is important only as affected by the statute of frauds, a collateral contract to pay the debt of another being required by that statute to be in writing, while an original undertaking is valid even if made by parol. No question arises respecting the validity of this promise, except in regard to its want of consideration. * * * This consideration must be proved, and a presumption of its existence can no more be indulged in to support the action than the presumption of any other fact material to the existence of a cause of action. Commercial and business paper generally specifies a consideration upon its face, and a defense thereto on the ground of a want of consideration must be supported by affirmative proof of such fact, but when the paper itself does not state a consideration, the omission must be supplied by affirmative proof on the part of the holder, or he can not recover thereon." *Evansville National Bank* v. *Kaufman,* 93 N. Y. 273, 45 Am. Rep. 209.

The Supreme Court of Missouri announced the law on this subject as follows:

"Nothing is better settled in this State than that a subsequent agreement which does not form any part of an original contract, nor is supported by the original consideration thereof, nor by any new consideration, is a mere nude pact, of no force or validity. *McFarland* v. *Heim,* 127 Mo. 327.

This court at an early day recognized the same rule, stated as follows:

"The engagement of a guarantor is generally founded on some new or independent consideration growing out of the original obligation, except in those cases where it is given at the time of the contracting of the principal debt, and is necessarily connected with it." *Lane* v. *Levillian,* 4 Ark. 76.

It is clear, therefore, under the law that some consideration for the agreement must be established, otherwise it must fail. There is an entire absence of proof of

consideration. There was no attempt to introduce proof in°support of the allegation that there was an agreement to permit appellee to wind up the affairs of the bank or to forbear prosecution of any other remedy. The only evidence on that subject is that appellant did not, in fact, assert any remedy against the contracting bank in Oklahoma. It merely waited and received its *pro rata* of the assets as they were distributed to the creditors.

An agreement for forbearance, in order to constitute sufficient consideration for a new contract of guaranty, need not, according to the authorities, be for any definite time; but there must be a promise to forbear. Forbearance, without any promise, is not sufficient. This doctrine is clearly announced by the Massachusetts court in an opinion by Judge Bigelow, as follows:

"A mere forbearance to sue, without any promise or agreement to that effect, by the holder of a note, forms no sufficient consideration for a guaranty. It is a mere omission on the part of the creditor to exercise his legal right, to which he is not bound by any promise, and which right he may at any moment and at his own pleasure enforce. There being in this case no agreement to forbear to sue, the creditor was not hindered or delayed. He could have brought his suit against the promissor at any time, so that he sustained no injury or inconvenience sufficient to constitute a consideration for the promise; and, on the other hand, the original debtor received no benefit or advantage whatever, because he was liable to be sued at any moment, and so the consideration fails as to him. There was no damage to the creditor or benefit to the debtor upon which the consideration of a promise can rest. It is not, therefore, true, as a proposition of law, that forbearance to sue a third person is, of itself, a sufficient consideration for a promise; and the court would have erred, if they had complied with the plaintiff's request, and given any such instruction to the jury. To constitute a forbearance to sue a third person a good consideration for a promise by a stranger to the original consideration, it must have been in pursuance of an

agreement to forbear.  In such a case, the injury to the promisee and the benefit to the debtor both concur in making the consideration valid.  It is undoubtedly true, that an actual forbearance to sue may often, in connection with other facts, be evidence of an agreement to forbear, and, as such, form a good consideration for a promise."  *Mecorney* v. *Stanley,* 8 Cushing (Mass.) 85.

There is a decision to the same effect by the United States Circuit Court of Appeals for the Seventh Circuit, which states the rule as follows:

"An agreement on the part of the creditor for general indulgence toward the debtor, without any definite time being specified, with proof of actual forbearance for a reasonable time, has been held to be sufficient consideration for a guaranty of the debt (Brandt, Suretyship, § 16, and authorities cited); but it is equally well-settled, as the authorities there cited show, that forbearance without an agreement on the part of the creditor to forbear will not be deemed a sufficient consideration.  'There must be promise for promise.' "  *Hoffman* v. *Mayaud,* 93 Fed. 171.

The evidence being insufficient to warrant a verdict in appellant's favor, the court properly gave a peremptory instruction.

Judgment affirmed.