## GONZALES V. GAUNA.

### SYLLABUS BY THE COURT

(1)    An agreement to forbear is a sufficient consideration for a contract.                        P. 57

(2)    The surrender of a claim against an estate is a sufficient consideration for the promise of a third party to assume it.                        P. 57

(3) The execution of a contract may bind one whose name does not appear in the body of it.        P. 58

(4)    No reply is necessary to an answer which merely denies the execution of a contract alleged in the complaint.
P. 58

Appeal from District Court, Colfax County; Leib, Judge.

Action by Teofila M. Gonzales against J. M. Gauna and another. Judgment for plaintiff, and named defendant appeals.    Affirmed.

Crampton, Phillips & Darden, of Raton, for appellant.

Morrow, Merriau & Sadler, of Raton, for appellee.

### OPINION OF THE COURT

DAVIS, J.    In 1912 Teofila M. Gonzales, appellee, delivered to Celso J. Chavez eight cows under a contract by which he agreed to return 16 cows in five years. The contract concluded with the clause "and the party of the second part [Chavez] gives as responsible Mr. Francisco Gauna of Raton, New Mexico, county of Colfax, bondsman of this agreement." Francisco Gauna signed the instrument, the word "fiador" or "surety" preceding his name.    Before the expiration of the five-year term, he died, and afterwards Chavez was asked by Mrs. Gonzales that he procure a new surety.    He presented the original contract to J. M. Gauna, son of Francisco Gauna, and requested him to sign in lieu of his father.    A line was drawn through the signature of Francisco Gauna, and J. M. Gauna

wrote his name under it. Chavez subsequently failed to comply with his contract, and this action was instituted to recover the value of the cattle from him and J. M. Gauna. From a judgment against them J. M. Gauna appeals.

The appellant admitted that he signed the contract, but contends that his undertaking was without any consideration. His contention is that mere forbearance, without an agreement to forbear, is not a sufficient consideration; that consideration is a matter of agreement upon which the minds of the parties must meet, and a mere fortuitous result, flowing accidentally from the arrangement, but in no degree prompting the actors to it is not sufficient.

Appellant was one of the three heirs of his father's estate. The contract was presented to him about three months before the time had elapsed for presenting claims against the estate, and from the evidence there is no doubt that he executed the agreement for the purpose of discharging the claim of appellee against the estate and assuming it on his own account.

The court instructed the jury as follows:

"(3) The defendant Gauna admits that he signed the said partido contract, but sets up a defense that he received no consideration for so doing, and that therefore he should not be held liable. As to this defense, you are instructed that a naked promise in writing to pay or to make good an obligation or contract of another, without any consideration therefor, is void. The amount of the consideration, however, is immaterial, and need not be in money. It may be a consideration moving to the maker of the contract or to the guarantor, or it may even be a detriment to the party acting upon or accepting the guarantee.

"(4) * * * If you find * * * that at the time the defendant signed the contract in question there was any benefit moving to the defendant Chavez, or to the defendant Gauna, by reason of the signing of the said contract, or that any detriment or injury was sustained by the plaintiff, or that she gave up any right of action or procedure that she may have then had, either against the defendant Chavez, or the defendant Gauna, then you are instructed that there was sufficient consideration to make the signing of said contract by Gauna a binding obligation against him. * * * *"

[1]   Mere forbearance of suit or legal proceedings is not in itself a sufficient consideration for a contract of suretyship or guarantyship.   There must be a promise to forbear, made by one party and accepted by the other.   J. H. Queal Co. v. Peterson, 138 Iowa, 514, 116 N. W. 593, 19 L. R. A. (N. S.) 842, and note; Ellis v. Clark, 110 Mass. 389, 14 Am. Rep. 609; In re Rohrig, 176 Mich. 407, 142 N. W. 561; Mecorney v. Stanley, 8 Cush. (Mass.) 85; Shadburne v. Daly, 76 Cal. 355, 18 Pac. 403; First National Bank v. Nakdimen, 111 Ark. 223, 163 S. W. 785, Ann. Cas. 1916A, 968.   An agreement to forbear is a valuable consideration, but forbearance alone is not.

But a promise to forbear need not be express.   It is sufficient that the circumstances imply that such a promise existed.   Agreements are frequently shown by implication, and there is no exception in such a case as this.   If one party understood that the new promise was made to induce forbearance, and made it for that purpose, and the other accepted it with the same understanding, a promise to forbear would arise by implication of law as absolutely as though made in express terms.   Breed v. Hillhouse, 7 Conn. 523; Boyd v. Freize, 5 Gray (Mass.) 554; Sellars v. Jones, 164 Ky. 458, 175 S. W. 1002; Crears v. Hunter, L. R. 19, Q. B. Div. 341; In re All Star Feature Corp. (D. C.) 232 Fed. 1004; Brady v. Equitable Trust Co., 178 Ky. 693, 199 S. W. 1082; Waters v. White, 75 Conn. 88, 52 Atl. 401.

The facts of the case at bar were sufficient to authorize a finding that a promise to forbear arose by implication, and therefore, if that part of the instruction of the court which speaks of the giving up of a right of action or procedure is to be construed in the sense in which appellant construes it, the evidence justified it, and it was neither inapplicable to the facts of the case nor incorrect as a substantive matter of law.

[2]   The instructions of the court, however, did not assume that forbearance was the consideration for the new undertaking.   They advised the jury to determine

whether appellee actually surrendered her claim in exchange for the new promise of appellant, and coincidentally with his execution of the contract. Appellant's own testimony was that he signed the contract as a substitute for his father, and that he became surety in his stead. His promise, accepted by appellee, released the estate in which he was interested from further liability. The facts justify the inference that the contract was presented to him for that purpose, that he signed it for that purpose, and that both parties so understood it. Appellee did something more than forbear. She made a present surrender of a then subsisting and valid claim against the estate. This was evidently the view taken by the trial court in its instructions, it was sustained by the facts, and the jury properly found its verdict accordingly.

[3] The appellant contends that when he signed the contract his name did not appear in the body of it, and that the striking out of his father's name there and the insertion of his own instead was done afterwards. This he asserts was a material alteration, and relieved him of liability.

The answer is that the contract bound the appellant, although his name did not appear in the body. 5 Elliott on Contracts, § 3939. See, also, Murray v. People for the use of Sagerache County, 49 Colo. 109, 111 Pac. 711, Ann. Cas. 1912A, 693 and note. The alteration was immaterial, assuming that one was made.

[4] But one other proposition argued by the appellant need be considered. It is that the court erred in not granting his motion for judgment on the pleadings because of lack of a reply. The complaint alleged the execution of the contract by appellant and the answer denied this. An issue was thus formed, and no reply was necessary.

For the reasons stated, the judgment will be affirmed; and it is so odered.

RAYNOLDS, C. J., and PARKER, J., concur.