DOORLY, RESPONDENT, v. GOODMAN, APPELLANT.

(No. 5,555.)

(Submitted October 27, 1924.  Decided November 21, 1924.)

[230 Pac. 779.]

*Promissory    Notes—Guaranty—Consideration—Pleading—For-
bearance to Sue — Agreement to Forbear Necessary — Evi-
dence—Insufficiency—Appeal and Error.*

"Guaranty"—Definition—Consideration.
　　1.  "Guaranty" is a collateral agreement or undertaking on the
　　part of one person called the guarantor, to pay a debt or perform
　　an obligation in the event of the failure of another person, called
　　the principal, who is himself liable in the first instance for such
　　payment or performance, to a third person called the guarantee;
　　it must be in writing and based upon a consideration.

Same—Consideration—When Pleaded, must be Proved—Statutory Pre-
sumption of No Avail.
　　2.  While plaintiff in an action on the guaranty of a promissory
　　note need not plead the consideration upon which it was based,
　　where he does so and introduces proof in support of the allega-
　　tion, the fact must be determined, not upon the presumption of
　　consideration declared by section 7512, Revised Codes of 1921,
　　but upon the proofs offered.

Contracts—Forbearance to Sue—Agreement Necessary.
　　3.  Forbearance to sue is a sufficient consideration to support a
　　contract, provided there be an agreement, express or implied, to
　　that effect, mere nonaction being of no avail.

Guaranty—Agreement to Forbear Bringing Suit—Evidence—Insuffi-
ciency.
　　4.  Evidence in an action on the guaranty of a promissory note
　　the consideration for which was alleged to have been forbearance
　　to sue, *held*, not to show an agreement, express or implied, to
　　forbear, and that therefore the court erred in refusing to direct
　　a verdict in favor of defendant.

Appeal and Error—Evidence Documentary—Final Disposition by Su-
preme Court.
　　5.  Where the evidence in a cause on appeal is largely docu-
　　mentary, the supreme court is placed in practically the same
　　position as was the trial court and will make disposition of it
　　accordingly.

*Appeal from District Court, Silver Bow County; Joseph R.
Jackson, Judge.*

1.  Contract of guaranty, see note in 105 Am. St. Rep. 502.

3.  Forbearance as sufficient consideration for guaranty contract,
see note in Ann. Cas. 1916A, 970.

ACTION by Henry Doorly against the Butte & Western Silver Mines, Inc., and L. O. Goodman. From a judgment for plaintiff against both defendants, defendant Goodman appeals. Reversed, with directions to dismiss the complaint as to him.

*Mr. H. C. Hopkins,* for Appellant, submitted a brief and argued the cause orally.

As to consideration for the alleged guaranty: The issues a⁓' by the pleadings and proof narrowed to forbearance. There must be an agreement to forbear or to refrain from collection as a consideration. The mere fact that a person does not take such steps is not a consideration. (*Cowan* v. *Browne,* 63 Mont. 82, 206 Pac. 432; *First Nat. Bank* v. *Nakdimen,* 111 Ark. 223, Ann. Cas. 1916A, 968, 163 S. W. 785; *Allen West Commission Co.* v. *Richter,* 286 Mo. 691, 228 S. W. 827.) There is no evidence that plaintiff promised to forbear. His evidence is affirmative that he did not promise to forbear. And it is apparent that plaintiff could have prosecuted the claim against the corporate defendant at any time notwithstanding this alleged guaranty.

Forbearance has been defined to be "an engagement which ties up the hands of the creditor, depriving him, by something obligatory, of the power to sue." (3 Words and Phrases, 1st ed., p. 2868; *Reynolds* v. *Ward,* 5 Wend. (N. Y.) 501, 504; *Cowan* v. *Browne, supra; Allen West Commission Co.* v. *Richter, supra.*) Again, "If the promisee could have sued at any time without breaking his contract, actual extension of time is no consideration. (Page on Contracts, 1st ed., sec. 2868; *Id.,* 2d ed., sec. 549.)

This whole contention, in most of its phases, is presented, and decided in *Allen West Commission* v. *Richter,* above.

*Mr. Francis A. Silver* and *Mr. George W. Howard,* for Respondent, submitted a brief; *Mr. Silver* argued the cause orally.

Forbearance to enforce a legal right which one possesses is a good and sufficient consideration for a contract. (Sec. 7503,

Rev. Codes 1921; *Noyes* v. *Young,* 32 Mont. 226, 79 Pac. 1063; *Cowan* v. *Browne,* 63 Mont. 82, 206 Pac. 432.) Mere forbearance without a promise, express or implied, is not a sufficient consideration of a contract. (*Cowan* v. *Browne, supra; Gonzales* v. *Gauna,* 28 N. M. 55, 206 Pac. 511; *Sellars* v. *Jones,* 164 Ky. 458, 175 S. W. 1002.)

It is true in the instant case that we have no express agreement to forbear. But we have an actual forbearance accompanied by circumstances which give rise to an implied agreement to forbear. "But a promise to forbear need not be express," says the supreme court of New Mexico in *Gonzales* v. *Gauna, supra.* "It is sufficient that the circumstances imply that such a promise existed. Agreements are frequently shown by implication, and there is no exception in such a case as this. If one party understood that the new promise was made to induce forbearance, and made it for that purpose, and the other accepted it with the same understanding, a promise to forbear would arise by implication of law as absolutely as though made in express terms."

HONORABLE FRANK P. LEIPER, District Judge, sitting in place of MR. JUSTICE HOLLOWAY, disqualified, delivered the opinion of the court.

This action was instituted for the purpose of obtaining a judgment against the defendant Butte & Western Silver Mines, Inc., a corporation (hereinafter referred to as the corporation) as the maker of a certain promissory note and also against the defendant Goodman as guarantor thereof.

The defendants answered separately. Trial was had resulting in judgment for plaintiff against both defendants. Defendant Goodman alone appeals from such judgment.

It is admitted that appellant is, and at all the times herein mentioned has been, the president of the corporation; that in December, 1921, respondent loaned to the corporation $500; that in January, 1922, respondent made a further loan of $730 to the corporation; that these loans were each evidenced by a

promissory note executed by the corporation acting through its president; that these notes were not paid at maturity (both of these notes were introduced in evidence and marked Exhibits "A" and "B" respectively); that after the maturity of Exhibits "A" and "B" and on February 10, 1923, a new note was executed by the corporation for the sum of $1,324.35, that being the full amount of the principal and interest then owing upon Exhibits "A" and "B"; that this note has not been paid and that respondent is the owner and holder of such note.

The allegations of the complaint by which it is sought to charge the appellant as guarantor are:

"3. That after the maturity of said notes and both of them, and on June 4, 1922, the defendant L. O. Goodman, who was then and there president of said defendant corporation, and who was at all times herein mentioned and now is president of said corporation, in consideration of plaintiff's refraining from enforcing payment of said notes, and both of them, at said time and in consideration of plaintiff's foregoing the taking of the necessary steps to collect the said notes and both of them, agreed to pay said notes and both of them and the indebtedness represented thereby and such extensions thereof as might or would be executed in the event the said defendant corporation failed to pay said notes, or both of them, or such extensions thereof as might or would be executed, and did then and there guarantee the payment of said notes and both of them and the indebtedness thereby represented and such extensions thereof as might or would be executed by the parties thereto.

"4. That on the tenth day of February, 1923, the defendant corporation by and with the consent of L. O. Goodman, defendant, and the plaintiff herein, made, executed, and delivered to plaintiff herein, in lieu of and in extension of the above notes and both of them and the indebtedness thereby represented, its certain promissory note in words and figures as follows, to wit:

" '$1,324.35.                 Butte, Montana, Feb. 10, 1923.

" 'Six months after date we promise to pay to the order of Henry Doorly thirteen hundred twenty-four dollars thirty-five cents, at Omaha, Nebraska, with interest at 7 per cent. from date.

" 'Value received.

" 'Due August 10, '23.

                    " 'BUTTE & WESTERN SILVER MINES, INC.,

                              " 'By L. O. GOODMAN, PRES.' "

The appellant denies all of the allegations of paragraphs 3 and 4, and alleges that the note last above mentioned was given by the corporation as payment in full of Exhibits "A" and "B," and that it was received by the plaintiff as such. Lack of consideration is not pleaded by appellant. The respondent testified by deposition. Appellant was called and testified as respondent's witness. No testimony was offered by either de· fendant. Both parties having rested the respondent moved for a directed verdict against the corporation, which motion was granted. Respondent then moved for a directed verdict against appellant. Thereupon appellant moved for a directed verdict in his favor. The court then took the case from the jury, and rendered judgment against both of the defendants.

The conclusion at which we have arrived makes necessary the consideration of but one of the several specifications of error namely: Did the trial court err in denying appellant's motion for a directed verdict?

Respondent seeks to charge appellant as guarantor. Guaranty [1] is defined as being "a collateral agreement or undertaking on the part of one person called the guarantor to pay a debt or perform an obligation in the event of the failure of another person, called the principal, who is himself liable in the first instance for such payment or perform. ance, to a third person, called the guarantee." (5 Elliott on Contracts, 1; 28 C. J. 886; *First Nat. Bank of Ft. Smith* v. *Nakdimen,* 111 Ark. 223, Ann. Cas. 1916A, 968, 163 S. W.

785.)    The guaranty must be in writing.    (Sec. 10613, Rev. Codes 1921.)

The evidence discloses that respondent resides in Omaha, Nebraska, and the appellant lives in Butte, Montana, and that a number of letters passed between them. The contract of guaranty relied upon is contained in two of these letters. On June 1, 1922, respondent wrote to the appellant as follows:

"Omaha, Nebraska, June 1, 1922.

"Mr. L. O. Goodman,

"Harlowton, Mont.

"Dear Goodman: I would be glad if you could give me a little more definite information than I received in your letter of the 30th this morning. I would like to know how much money you have raised towards the July 1st payment, and how much remains to be raised. I am going to Europe early in next month and I would like to know the facts as to how we are going to come out.

"Also I would like to know what you propose to do about my loan to you of $1,230. I am not inclined to press you for it at the present time, because I know you are having an awful struggle to raise the necessary money, and I presume I would not be able to get payment right away; but, in view of my going away, I don't like to leave it in its present unsettled condition. I would like some assurance from you that if you fail to raise the money for the mine, I am not going to lose my loan as, of course, it was with this stipulation that I advanced the money.

"As I recall it, the note you gave me for $730 was due on the 3d of February, and the note for $500 was due on the 30th of March. These notes are signed by the Butte & Western Silver Mines, Incorporated, and if we lose the mine, the notes are not worth the paper they are written on. While, of course, if the mine is lost I will have to stand my share like all the other stockholders, I do not feel like standing the loss of $1,230 additional, as I cannot afford it.

[71 Mont. 529.]

"I will be glad to hear from you as to what suggestion you have to make in the matter, and I would also like to know exactly how we stand financially towards the next payment.

"[Signed]    Harry Doorly."

This letter was introduced in evidence as plaintiff's Exhibit "D." On June 4, 1922, the appellant, in reply to Exhibit "D," wrote as follows:

"L. O. Goodman, Harlowton, Mont.

"June 4, 1922.

"Mr. Henry Doorly,

"Omaha, Neb.

"Dear Mr. Doorly: I have your letter of the 1st. As far as actual cash is concerned we are just about $15,000 still short of the July 1st payment on the Butte mine. While I was in Minneapolis I called a meeting there and those at the meeting promised me $15,000 by July 1st. Outside of that I have a party in Kansas City doing fairly well. Have from 10 to 15 men coming out from Pennsylvania on the 20th. Have one of the directors back east now and he says he will get some money in time. Dr. Ritter was just able to get out last Tuesday, after a long sickness, operations, etc., etc., and he will get us some money. While, of course, we are not certain until we have the money in hand, I do not expect to fall down, and at least will not give up hopes until the last minute of the last day.

"In reference to the loan will say that should we fail—which we will not—you, as well as Mr. Wilson and Mr. Moorehead, will get your money back and the interest, and it will come out of the pocket of L. O. Goodman. I understand full well the conditions and you may rest assured that I will make good.

"Trusting the above is the desired information, I am,

"[Signed]    L. O. Goodman."

There were a number of other letters introduced and also [2] oral testimony. Appellant's contention is that the evi-

dence relied upon by respondent reveals an utter lack of consideration, and that the presumption mentioned in section 7512, Revised Codes of 1921, has no application under this state of the evidence.

Respondent on the other hand contends that since "a written instrument is presumptive evidence of a consideration" (sec. 7512, *supra*), therefore all that he was required to do was to introduce the two letters *supra*, and that then the burden of showing lack of consideration shifted to appellant as provided by section 7513; that the evidence shows an implied promise to forbear, and that, since appellant failed to offer any evidence, judgment was properly taken against him.

A presumption is defined as "a deduction which the law expressly directs to be made from particular facts." (Sec. 10602, Rev. Codes 1921.) Again, "A presumption (unless declared by law to be conclusive) may be controverted by other evidence, direct or indirect." (*Id.*, sec. 10604.)

The respondent was not required under the rules of pleading to set up the specific consideration relied upon, but the complaint does allege a specific consideration for the contract of guaranty, namely, a forbearance to sue. The letter of June 1, *supra*, is said to be the promise to forbear, which it is asserted is the consideration for the promise contained in appellant's letter of June 4. When a specific consideration is alleged, as in this case, and proof of such allegation or allegations introduced, then the fact is to be determined, not upon the presumption, but upon the proofs offered.

A somewhat similar situation arises in actions for personal injuries. In such action the law presumes that a person exercises ordinary care for his own safety (subd. 4, sec. 10606, Rev. Codes 1921), but where plaintiff's own case presents evidence showing that he is guilty of contributory negligence, he cannot recover unless there is other evidence exculpating him therefrom. And this is true whether the contributory negligence is pleaded as a defense or not. (*Meehan* v. *Great Northern Ry. Co.*, 43 Mont. 72, 114 Pac. 781; *Prosser* v. *Montana*

*Central Ry. Co.,* 17 Mont. 372, 30 L. R. A. 814, 43 Pac. 81; *Nelson* v. *Boston & Mont. etc. Co.,* 35 Mont. 223, 88 Pac. 785; *Harrington* v. *Butte, A. & Pac. Ry. Co.,* 37 Mont. 169, 16 L. R. A. (n. s.) 395, 95 Pac. 8; *Puckett* v. *Sherman & Reed,* 62 Mont. 395, 205 Pac. 250.)

The guaranty must be based upon a consideration. (Sec. [3] 8173, Rev. Codes 1921.) By both the pleading and proof the consideration is forbearance to sue or to take steps to collect the notes or the extension thereof. Forbearance to enforce a legal right is a sufficient consideration to support a contract. (Sec. 7503, Rev. Codes 1921; *Noyes* v. *Young,* 32 Mont. 226, 79 Pac. 1063; note to *Ginn* v. *Dolan,* 135 Am. St. Rep. 769.) However, there must be an agreement to forbear—a meeting of the minds. The evidence herein discloses that respondent did not take any action looking to the collection of this indebtedness for a long period of time after June 4, 1922, but this is of no avail unless such nonaction was the result of an agreement to do so. But this agreement may be either express or implied. In the case of *Cowan* v. *Browne,* 63 Mont. 82, 206 Pac. 432, this court says: "Mere forbearance to sue, without an agreement to that effect, is not a sufficient consideration for a promise of another to pay the debt of the person liable; but such agreement may be either express or implied. 'It is well settled that forbearance to sue is a sufficient consideration to support a promise. However, a mere forbearance to sue is not enough in the absence of circumstances from which an agreement to forbear may be inferred. But an actual forbearance to sue may often, in connection with other circumstances, sometimes slight, be evidence of an implied agreement to forbear and thus form a consideration for a promise.' (*Sellars* v. *Jones,* 164 Ky. 458, 175 S. W. 1002.) To the same effect are the following: *Manter* v. *Churchill,* 127 Mass. 31; *In re Rohrig's Appeal,* 176 Mich. 407, 142 N. W. 561; *Cobb* v. *Page,* 17 Pa. 469; *In re All Star Feature Corp.* (D. C.), 232 Fed. 1004; *Edgerton* v. *Weaver,* 105 Ill. 43; *Saunders* v. *Mecklenburg Bank,* 112 Va. 443, Ann. Cas. 1913B, 982, 71 S. E.

714.'' (*First Nat. Bank of Ft. Smith* v. *Nakdimen,* 111 Ark. 223, Ann. Cas. 1916A, and note, 163 S. W. 785; 13 C. J. 348; 12 R. C. L. 1078–1080; *Gonzales* v. *Gauna,* 28 N. M. 55, 206 Pac. 511.)

The respondent's testimony relates, in most part, to the [4] identification of the notes in question and the letters introduced. The evidence clearly shows that all of the negotiations pertaining to the alleged guaranty were had by correspondence. Also it is apparent that the note sued upon is an extension of the indebtedness evidenced by Exhibits ''A'' and ''B.'' Appellant's testimony has to do largely with the identification of the documentary evidence introduced. In so far as it relates to other matters, the respondent's cause is not strengthened thereby. Appellant's testimony in part is: ''Well, I wrote the letter of June 4 in reply to this one of June 1. That's what was done. Nothing was given to me for my promise contained in my letter of June 4, 1922, with respect to the promise. Nothing at all was given to me. Mr. Doorly had not in any way agreed to refrain from collecting those notes set forth in the complaint or the indebtedness represented thereby. He never made any promise that I could hold him on at all. He did not, at any time, by letter, or word of mouth, or otherwise, promise me or agree with me, in consideration of this guaranty, that he would refrain from enforcing the collection of those notes or the indebtedness. He did not agree to refrain from taking active steps to collect the notes or the indebtedness. I have nothing at all that I could hold him on. When I speak of the notes, I mean both of the notes; that situation remains true with respect to both of the notes, absolutely. He did not agree to forego the taking of the necessary steps to collect the said notes, and both of them, or either of them. Nothing of value was given to me for my promise contained in my letter of June the 4th of 1922. There was no correspondence between myself and Doorly, the plaintiff in the action, outside of that that is in evidence before the court; it's all here.''

Respondent, replying to a question as to what steps, if any, he had taken looking to the collection of the notes, Exhibits "A" and "B," after the receipt of appellant's letter of June 4, 1922, *supra,* said: "Influenced by the confirmation of Goodman's oral guaranty given to me in writing, I took no immediate steps at that time to push the collection of these notes. And nothing further was done towards collecting my notes until early in 1923, when I asked Mr. Goodman, merely as a matter of keeping them in proper form, to send me a renewal covered by one note, with interest to date, February 10, 1923. Mr. Goodman sent me a note at that time for $1,324.35, due in six months, bearing seven per cent interest." And he further testified in answer to the following question: "State what reliance, if any, you placed upon defendant Goodman's statements contained in his letter of June 4, 1922, plaintiff's Exhibit 'A' "—"I would have taken action at that time to have pushed the collection if I had not received the confirmation of the previous oral guaranty made to me by L. O. Goodman personally, and I relied on his letter of June 4, thinking that Mr. Goodman would personally see that I was repaid within a reasonable length of time."

The record does not disclose that a request for findings of fact and conclusions of law was made by counsel for either [5] party in the court below. At any rate none was made. However, as agreed by counsel, and as hereinbefore noted, the evidence is largely documentary, and therefore this court is placed, practically, in the same position as was the trial court. We are unable to find from this record that which justifies the conclusion that an agreement, either express or implied, to forbear was entered into. It is true that in his testimony respondent says that "I would have taken action at that time to have pushed the collection," *etc.,* but the record does not disclose that his state of mind or his intention in this regard was ever communicated to appellant. In fact the contrary intention is expressed in the letter of June 1, *supra,* for in it he says, among other things: "I am not inclined to

press you for it at the present time, because I know you are having an awful struggle to raise the necessary money, and I presume I would not be able to get payment right away." Instead of saying to appellant that it was his purpose to press the collection of the indebtedness, the opposite is plainly expressed. Not only does respondent say that he is not inclined to press the collection but he gives his reasons therefor, namely: "I would not be able to get payment right away."

After careful consideration of this whole record we are of the opinion that the trial court should have granted appellant's motion for a directed verdict. Therefore the judgment is reversed, with directions to dismiss the complaint as to this appellant.

*Reversed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES RANKIN and STARK concur.

MR. JUSTICE GALEN, being absent on account of illness, did not hear the argument and takes no part in the foregoing decision.