Ballentine *et al. v.* Beall.

*Judgment re-affirmed.*

HARVEY BALLENTINE *et al.*, appellants, *v.* JOSHUA BEALL, administrator of Joseph L. Wilson, deceased, appellee.

*Appeal from Wabash.*

A creditor who has proceeded to judgment against his debtor, and has his execution returned unsatisfied, may file his bill in equity, and reach the property and effects of his debtor not subject to execution. He may file his bill in his own name, and for his own benefit, or join with other creditors standing in the same situation, in a suit for their common benefit; or he may file the bill in behalf of himself and such other creditors as may choose to come in under the decree.

The return of an execution unsatisfied, gives the judgment creditor no specific lien on property not subject to execution, and he can only obtain a lien by the aid of a

Ballentine *et al. v.* Beall.

court of equity. When he has pursued the property of the debtor into that court, he is entitled to a preference, as the reward of his vigilance.

Where a bill in chancery charged that certain land was conveyed to the appellant, with the design and intent to defraud the complainant and other creditors of one T, and the proof showed that one C, at the request of T, conveyed the land to the appellant: *Held,* that C was not a necessary party to a bill to subject the land to the payment of the complainant's debt.

Where it is proved that land was purchased jointly by C and T, and the conveyance made to C, who conveyed to the brother-in-law of T, at the request of T, who assigned as a reason for such request, that he and C had become largely indebted, and if every thing else went, he wished to have the land. That a settlement was made between T and his brother-in-law, and the brother-in-law was found indebted to T; and after the settlement, T said, if every thing else went, he wanted the land saved. That T was utterly insolvent at the time of his death, and for some years previous: A court of equity is authorized to decree the conveyance to the brother-in-law fraudulent and void.

Where a bill in chancery is filed by a judgment creditor against an administrator, and the heirs at law of the deceased debtor, and a fraudulent grantee, it is not error for the Court, where the facts warrant such a decree, to decree that the conveyance to the fraudulent grantee be set aside, and that the title to the lands be deemed in the heirs of the debtor, and that so much of the lands as may be necessary to pay the complainant's debt, interest, and costs, be sold by a commissioner appointed to execute the decree. The complainant, by the institution of his suit, secured a lien upon the land, for the satisfaction of his debt, and if the administrator was entitled to any portion of the proceeds, it would only be the residue after paying the complainant's debt.

A fraudulent grantee cannot object that a court of chancery decreed the sale of the whole of a tract of land, instead of an undivided half thereof, when the pleadings and proof show that such fraudulent grantee has no rightful interest in any portion of the premises.

A justice's judgment, where the amount is sufficient to give a court of chancery jurisdiction, is as well entitled to the aid of that court, as the judgment of a court of record.

THIS cause was heard before the Hon. William Wilson, at the September term, 1841, of the Wabash Circuit Court.

E. B. WEBB, for the appellant, cited 3 Johns. Cas. 311; 2 Johns. Ch. R. 283; 3 Johns. Ch. R. 553; 7 Johns. Ch. R. 144; 6 Johns. Ch. R. 139, 255, 398; 16 Johns. 189; 7 Johns. 161.

A. LINCOLN, for the appellee, cited Story's Eq. Plead. 138, § 140.

TREAT, Justice, delivered the opinion of the Court:

Wilson filed his bill in chancery against the appellant and the administrator and heirs at law of Hays Taylor, deceased, alleging that in 1832, Taylor was indebted to the complainant in the sum of $64.67, for which he recovered a judgment before a justice of the peace, and caused two executions to issue, which were returned *nulla bona.* That Taylor, being otherwise largely indebted, and having paid the purchase money for a tract of land, requested and induced one Andrew Correll, in whom was the legal title, to convey it to the appellant, in trust for Taylor. That at the time of the rendition of the judgment, and up to the death of Taylor, in 1832, he was wholly insolvent, and that the land was conveyed to the appellant, with the design and intent to delay and defraud the complainant and other creditors of Taylor, in the collection of their

debts, the appellant, at the time of the conveyance, well knowing the indebtedness of Taylor, &c. The bill prays that the conveyance be set aside, as fraudulent and void, and the land sold to pay the complainant's debt. An interlocutory decree was had against all the defendants, but was set aside as to the appellant, who answered, admitting the death of Taylor, his indebtedness to the complainant, the recovery of the judgment, and return of the executions, as charged in the bill; denying the indebtedness of Taylor beyond his ability to pay; averring that Taylor and Correll purchased the land in controversy, jointly, the title being made to Correll individually; and that Taylor being *bona fide* indebted to the appellant, in a considerable sum, it was agreed the land should be conveyed to him, in discharge of the indebtedness; and in pursuance of this agreement, Correll conveyed the tract of land to the appellant. The answer denies that the conveyance was made in trust for Taylor, but avers it was made for a valuable consideration, and without any design or intent to delay or defraud the complainant, or any other person.

Depositions were taken, and the testimony is substantially as follows: Andrew Correll proved that he had known Taylor and appellant, who were brothers-in-law, for many years; that the land was purchased jointly by witness and Taylor, and the conveyance made to witness. Witness, at the request of Taylor, conveyed the undivided half to the appellant, Taylor assigning as a reason for the request, that he and witness had become largely indebted for a steamboat, and if every thing else went, he wished to have the land. Witness stated, on cross examination, that he and Taylor purchased a steamboat in 1832, which involved them deeply, and witness, as surviving partner, was responsible for the whole debt, and witness was engaged in a suit with the appellant and others, for the land.

Three other witnesses proved that Taylor, the appellant, and Robert Ballentine, the father of appellant, generally lived in the same house, or near each other, Robert Ballentine doing the trading, and appellant claiming all the property in their possession, subject to execution. Another witness proved that he had lived with Taylor, the appellant, and Robert Ballentine, for many years; that Robert Ballentine was in the habit of making contracts for property, and putting it in the hands of the appellant. Witness was present in 1832, when a settlement was made between Taylor and the appellant, and the appellant was found indebted to Taylor some $25, or $30. After the settlement, Taylor said, if every thing else went, he wanted the land saved. All of the witnesses prove the utter insolvency of Taylor, at the time of his death, which was in 1832, and for some years previous. Some of the witnesses show the existence of other judgments, before justices of the peace, against Taylor. The transcript of the complainant's judgment, and the executions are made exhibits in the cause. Wilson died pending the

suit, and Beall, his administrator, was made complainant in his stead.

On the final hearing, the Court decreed, that the complainant recover the amount of his judgment, interest, and costs; that the conveyance from Correll to the appellant be set aside, as fraudulent and void, and the title to the lands thereby conveyed be deemed to be in the heirs of Taylor; directing a sale of so much of the lands as might be necessary to pay complainant's debt, and appointing a commission to execute the decree.

Harvey Ballentine brings an appeal, and his assignments of error will be considered in the order they are made: ·

*First.* The first is, that Correll, the grantor in the conveyance, should have been made a party to the suit. We see no necessity for making him a party. He has voluntarily parted with his title to the land, to the extent of his conveyance, and can have no interest in the disposition of the land to be made in this suit.

*Second.* The appellant contends, that as the bill shows there were other creditors in equal equity, they should have been made parties to the suit, or the bill should have been filed for their benefit. A creditor who has proceeded to judgment against his debtor, and has his execution returned unsatisfied, may file his bill in equity, and reach the property and effects of his debtor not subject to execution. He may file his bill in his own name, and for his own benefit, or join with other creditors standing in the same situation, in a suit for their common benefit, or he may file the bill in behalf of himself, and such other creditors as may choose to come in under the decree. The return of the execution unsatisfied gives the judgment creditor no specific lien on property not subject to execution, and he can only obtain a lien by the aid of a court of equity. When he has pursued the property of the debtor into that court, he is entitled to a preference, as the reward of his vigilance. (1) A justice's judgment, where the amount is sufficient to give the court of chancery jurisdiction, is as well entitled to the aid of that court, as the judgment of a court of record. (2) There is then no error on this point.

*Third.* It is said, there is no sufficient evidence to authorize the decree in divesting the title of the appellant. There can be no doubt, we think, that the conveyance, as between Taylor and the appellant, was fraudulent.

The insolvency of Taylor, in connexion with his declaration, that if every thing else went, he wished to save the land, seems conclusively to establish the fraud as to him. The fact that the appellant was indebted to Taylor, instead of Taylor being indebted to him, as averred in the answer, with the other circumstances shown by the depositions, furnish proof equally strong, that the appellant was a party to the fraud, and received the conveyance with the design

(1) 1 Paige 637; Story's Eq. Plead. 138.　　　(2) 8 Wend. 339.

of screening the land from the payment of Taylor's debts. The Court, therefore, decided correctly in declaring the conveyance fraudulent.

*Fourth.* The appellant objects to the decision of the Court in decreeing the title to the land to be in the heirs of Taylor. This objection is not well taken, for it is apparent from an inspection of the record, that the Court only intended to decree the title to be in the heirs, to enable the creditors to subject the land to the payment of their debts.

*Fifth.* The decree is erroneous in not requiring the administrator to sell the land for the benefit of the creditors generally. The complainant, by the institution of his suit in equity, secured a lien upon the land for the satisfaction of his debt, and if the administrator was entitled to any portion of the proceeds, it would only be the residue, after paying complainant's debt; and the Court have ordered a sale of no more than may be sufficient for that purpose. The Court did not err in the appointment of a commissioner to make the sale. If the decree had required the administrator to sell the land, and apply the proceeds specially to the payment of complainant's debt; he would act rather in the character of commissioner than of administrator.

*Sixth.* The decree should have extended but to an undivided half of the land. The bill alleges the conveyance of the whole tract, and the answer of the appellant admits this allegation of the bill. The witness, Correll, proves that an undivided half only was conveyed. We see no reason why the appellant should be permitted to urge this objection, after admitting the conveyance of the whole tract, and especially when the evidence shows, that as between him and the creditors of Taylor, he has no rightful interest in any portion of it. If the whole has not been conveyed, Correll is the only individual who can make this objection to the decree, and he is not a party to the suit, and consequently not concluded by the decree.

The decree of the Circuit Court is affirmed with costs.

*Decree affirmed.*