J. R. GAITHER, ET AL. *v.* E. U. BLAND, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—518.]

**Construction of Contract.**

In construing a contract made by some of the legatees with others engaged in contesting the will, whereby they agree to pay such contestants several thousand dollars to cease contesting, the surrounding circumstances must be looked to to arrive at the intention of the

parties as to whether the compromise money was to be paid out of the estate or by the individuals making the promise.

## APPEAL FROM HARDIN CIRCUIT COURT.

January 21, 1886.

OPINION BY JUDGE PRYOR:

This case, by reason of the special findings and the judgment rendered by the court below, is not clear of trouble in the attempt to arrive at a proper solution of the questions made. The allegations of the petition present a cause of action against the defendants, E. U. and J. H. Bland, for the sum of $4,000 to be paid by them to the plaintiffs in consideration that they would forbear to resist the probate of the will of their ancestor. It is alleged that they did then and there accept the proposition and agree to take the $4,000 in satisfaction of such sums not of the said father's estate, as it would have taken to make them equal in advancements with the other children. The agreement was made by both of the defendants. One of them was an executor of the will and also an heir or devisee, and the other also an heir. They could not have well controlled in an official capacity because one of them was not the executor. It is certain that the appellant ceased to contest the will and we must assume from the verdict in this case that it was on the agreement of these parties to pay the same out of the estate. The will had been probated, the contest over it had treminated, and these appellants were in no condition to make the other heirs responsible, for no contract had been made with them.

There is proof conducing to show that the appellants were making themselves responsible for all the heirs, but, whether so or not, they had agreed to pay so much money out of the estate and upon a sufficient consideration. Whose duty was it to pay this money, or to ascertain the value of the estate that the liability of the defendants might be measured? In construing the contract we must look to the surrounding circumstances to arrive at the intention of the parties. It is certain that the defendants did not undertake to pay more than the value of the estate. The parties were contracting with reference to the estate and the advancements made.

The jury have said that the money was to be paid out of the es-

tate, and for the purposes of this case it must be assumed that such was the agreement. Then they were to pay, according to plaintiff's proof, Mrs. Gaither $4,000, and to Wintersmith $1,600, when the estate was not worth over $5,000. So if all the estate had been converted into money, with the costs deducted, there would not have been exceeding $4,500 to pay the two claims with. Of this the appellant was entitled to her pro rata portion, and such should have been the judgment. There was an individual liability, but the exact amount could not be definitely ascertained because the value of the estate is not clearly proved, and we think a proper construction of the petition shows that it was to be paid out of the estate. The petition may be defective in not alleging the value of the estate, but this did not authorize a judgment for the defendant. The proof is so indefinite as to the value of the estate, there being conflicting testimony with reference to the existence of such an agreement, that the judgment must be *reversed* with directions to grant a new trial and for proceedings consistent with this opinion. The plaintiff if she desires should be allowed to amend her petition.

*P. B. Muir, Wm. Wilson & J. P. Hobson, for appellants.*
*Wm. Lindsay, for appellees.*