AMOS BARTLETT & others, executors, *vs.* MABEL H. SLATER.

SAME *vs.* SAME.

Worcester.    October 1, 1902. — October 30, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Compromise*, Of controversies concerning wills.    *Probate Court.    Judgment.*

An indorsement "I approve of the foregoing compromise" signed by a guardian *ad litem* is good as a signature.

A decree of a probate court admitting a will to probate to be executed according to the terms of a compromise under R. L. c. 148, § 15, approved by a previous decree of the same court void for want of jurisdiction, even if it is technically operative as a decree simply establishing the will until formally revoked, at any rate will be vacated on motion of a contestant, and the controversy to which the attempted compromise related is not affected by the entry of the decree.

Where a decree has been entered in a probate court admitting a will to probate to be executed according to the terms of a compromise under R. L. c. 148, § 15, approved by a previous decree of the same court void for want of jurisdiction, and later a new compromise agreement concerning the same controversy has been confirmed by a single justice of this court, it is the duty of the probate court upon exhibition to it of the new compromise and decree, to declare its old decree void and to admit the will to probate to be executed in accordance with the valid compromise agreement.

HOLMES, C. J.    These are two cases, argued together.    One is a bill for the specific performance of an agreement of compromise confirmed by a decree of this court under R. L. c. 148, § 15, the other an appeal from a decree of the Probate Court establishing the will in question subject to the terms of the same compromise.    The defendant and appellant is the widow of the testator.    The ground of defence in the first case and of appeal in the second is that the Probate Court, more than two years before, already had entered a decree establishing the will, which stood unrevoked, and that therefore the compromise proceedings in this court were without jurisdiction and the Probate Court had no power to enter a new decree.    The answer made to this is that the former decree of the Probate Court allowed the will in pursuance of a former compromise and a decree of the Probate Court sitting in equity, and allowed it in the form usual under such circumstances, " to be executed according to the

terms of" the compromise and decree; that since that date it has been decided that the Probate Court had no statutory power to deal with such compromises, *Abbott* v. *Gaskins*, 181 Mass. 501; that thereupon a new compromise was made and the new probate decree entered with the consent of the defendant and appellant. The case was reserved for the consideration of the full court by a single justice.

We are of opinion that the specific performance should be ordered, and that the decree of the Probate Court should be affirmed. We confess that we are somewhat at a loss to see on what ground the decree of this court sustaining the second agreement could be attacked collaterally, even if the first decree of the Probate Court establishing the will was in full force, and even if a denial of its validity and a subsequent waiver by the widow of the provisions of the will and a claim of her statutory rights did not raise a controversy within § 15. It is true that the Probate Court's decree on the first compromise was void, because, under the decision referred to, on the face of the petition before it, it had no authority to enter into the inquiry whether there was a controversy or to touch the case presented by the allegations. It had nothing to do with the subject matter. But this court had the right to enter into that inquiry, and when all the parties came before it and agreed that there was something to compromise and thereupon the court entered a decree, that decree was not void, even if it was wrong. But in fact we think that none of the grounds upon which it is said to be wrong can be maintained. The objection that the agreement of compromise was not signed by the guardian *ad litem* of minors hardly needs mention in the view which we take. But if the statute requires his signature (§§ 17, 18,) which we are far from deciding, we do not perceive why the indorsement, " I approve of the foregoing compromise," with his name and office, is not enough. We pass to the more serious objection urged on behalf of the widow in direct opposition to what she contended when the second compromise was made.

It is said that so much of the probate decree establishing the will as undertook to determine that it was to be executed according to the terms of the compromise was beyond the power of the Probate Court in that proceeding, and that the decree

must stand simply as a decree establishing the will. Suppose that all this were true, so far that, for instance, a special administrator would be discharged if thereafter he handed over the property in his hands to the executors named in the decree, still, the conclusion sought to be deduced, that there could be no controversy within § 15 does not follow.

The decree having been entered only on the footing of a supposed statutory compromise, it would seem that it should be revoked at once, without regard to what may be done at a later stage, if it turns out that the compromise was void. A reference, at least, to the compromise is proper to show that the decree stands on that ground, and that the opponents of the will may have a right to a *restitutio in integrum*. The form adopted was in accordance with the settled practice, which must recognize in some such way the effect of the anomalous statutory proceedings, Those proceedings do not deal directly with the decrees of the Probate Court any more than revisory proceedings under R. L. c. 163, § 17, deal directly with the decrees of the Court of Insolvency. But the power which created those tribunals pre-established a harmony between their action and what the respective equity proceedings should decide, and it is proper that their records should in some way express the fact.

It would not be going far in these days, when we admit that separate formal documents like deeds may be parts of one transaction in such a sense as to be construed together, to say that a decree, purporting to go on the footing of a compromise, falls of itself with the compromise. See *Abbott* v. *Gaskins*, 181 Mass. 501. But even if for technical reasons or on grounds of convenience the decree be held to be operative until formally revoked, it would be carrying superfluous technicality into the construction of the statute to say that a controversy could not be recognized by a court of equity until the formal act was done. The opponent of the will has consented to the probate subject to a statutory condition that has failed. Therefore he has a right to be heard against it as if that consent never had been given. He still has a right to try the execution of the will, the sanity of the testator and the existence of undue influence. Even if all these questions should be tried on a motion to vacate the decree, rather than after it should have been vacated as of course, or

treated as void on its face, the controversy exists in full force, absolutely unaffected by the entry of the decree.

We regard what we have said as more than sufficient to show that the decree of this court on the later compromise made the compromise binding on the parties. There remains only the question of the second probate of the will. This decree was entered by the consent of all parties interested, expressly given in the compromise agreement. Moreover, by the compromise the appellant took $2,000,000 in lieu of her statutory rights and in pursuance of her waiver of the provisions of the will. It is hard to see how she has any standing on her own behalf to take this appeal, and almost as hard to see how she can take it on behalf of her children. But if she had the right there is nothing in it. Upon an exhibition of the compromise and decree to the Probate Court, it was plainly its duty to declare the old decree void, and to re-establish the will upon a more solid foundation. It would be as well for this declaration to appear in the decree, in order to avoid any question like that which was raised in *Brigham* v. *Brigham,* 147 Mass. 159. Compare *Blanchard* v. *Cooke,* 144 Mass. 207, 219. But the agreement of compromise made a hearing unnecessary, and imported an authority to enter the new decree as of course.

*Decree for plaintiffs; decree of Probate Court affirmed.*

*S. Hoar,* for the plaintiffs.

*S. L. Whipple,* for the defendant.