### Sellars v. Jones.

(Decided May 4, 1915.)

### Appeal from Graves Circuit Court.

1. Contracts—Wills—Agreement Not to Contest—Consideration—Validity.—An agreement by a devisee to pay an heir of the testator her distributable part of the estate if she would refrain from uniting with others in contesting the will and the will should be sustained, is neither contrary to public policy nor without consideration but is valid.

2. Trial—Instructions—Where, in an action to recover on a promise made by a devisee to pay plaintiff her distributable share of the devised estate if she would refrain from taking part with others in contesting the will, the given instructions authorize a recovery

only in the event that there was an agreement to refrain and because of the agreement plaintiff did refrain, it was not error to refuse an offered instruction telling the jury that if plaintiff refrained on account of thinking the will should not be broken, or on account of her kind feelings for defendant, or on account of his assisting her and her family financially, and not because she was obligated by contract not to do so, they should find for the defendant.

HESTER & HESTER for appellant.

MOORMAN & WARREN for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

In the year 1914 James Sellars, a resident of Graves County, died, leaving a last will and testament, by which he devised and bequeathed to his nephew, R. L. Sellars, all of his estate, consisting of land, cash and other items of personal property of the value of about $5,000.00. James Sellars had never been married and had he died intestate his estate would have been inherited by all of his nephews and nieces, being seven in number. The testator's nephews and nieces, with the exception of Jemima Jones and R. L. Sellars, contested the will. The will was sustained.

Plaintiff, Jemima Jones, brought this action to recover her portion of her uncle's estate. The basis of her action is an agreement on the part of defendant, R. L. Sellars, to pay her her portion of the estate if she would refrain from taking any part in the proposed contest and the will should be sustained. Defendant denied the agreement relied on and pleaded a counter-claim for $300.00. The trial before a jury resulted in a verdict and judgment for plaintiff. Defendant appeals.

Plaintiff testified that before the contest was filed her brother, the defendant, stated to her that if she would not join in the contest and the will was broken, she would get her part anyhow. On the other hand, if she would not join in the contest and the will was sustained, he would see that she got her part of the estate if it took every foot of land he got. She consented to this arrangement and refused to have anything to do with the contest. Plaintiff's children, who claim to have been present when the conversation took place, testified to the same effect. Annie Gossett says that defendant,

in her presence, stated that he had promised plaintiff her share if she would not join in the contest. Other witnesses testified that plaintiff refused to join in the contest. On the other hand, the defendant testified, in substance, that he had been assisting Mrs. Jones and her husband. When the question of contest came up he advised her to stay out of it. He told her that if the will was broken she would get her part any way, and he would see that she got it. He admits, however, that he told her he would help her, and he did help her. Mrs. James Rogers testified that plaintiff, in a conversation with her, said that she felt like she almost had had her part as Bob had been so good to her.

It is well settled that forbearance to sue is a sufficient consideration to support a promise. However, a mere forbearance to sue is not enough in the absence of circumstances from which an agreement to forbear may be inferred. But an actual forbearance to sue may often, in connection with other circumstances, sometimes slight, be evidence of an implied agreement to forbear and thus form a consideration for a promise. Forbearance to sue on a claim clearly groundless is not a sufficient consideration for the reason that the promotion of such suit would be either fraudulent or wanting in good faith, but, short of that, forbearance to sue is a good consideration for a promise founded thereon. It is only essential that the claim be doubtful either in law or equity and asserted in good faith. Elliott on Contracts, Section 235; Robinson v. Gould, 11 Cush. (Mass.), 55; Steadman v. Guthrie, 4 Metc., 147; Cline v. Templeton, 78 Ky., 550; Matthews v. Morris, 31 Ark., 222; Macklin v. Dwyer (Mass.), 91 N. E., 893; Rue v. Meirs, 43 N. J. Eq., 377, 12 Atl., 369; Longridge v. Dorville, 5 B. & Ald., 117, 7 E. C. L., 74. In the case of Palmer v. North, 35 Barb., 282, certain heirs of the testator complained of provisions in the will, and threatened to oppose its probate, an agreement by one interested in its probate to pay such heirs a sum of money if they would refrain from taking steps to oppose its probate was held to be a valid and enforceable agreement. In the case of Clark v. Lyons, 38 Misc., 516, 77 N. Y. Supp., 967, affirmed without opinion in 76 App. Div., 622, 79 N. Y. Supp., 1129, the court, in considering the validity of a promise by an heir not to oppose the probate of a will, made in reliance upon an agreement on the part of

the promisee to pay her a sum of money, said: "I think the evidence clearly shows that the agreement is a personal undertaking, on the part of the defendant, based upon a good and valuable consideration moving from the plaintiff to the defendant, and that the recovery is correct in law and in equity. The defendant is a legatee and also a devisee under his father's will. The plaintiff's right and power to protect her interest by a contest of the codicils under which the defendant received this property has been annulled and destroyed by relying on the promise so made. The defendant has failed to keep that agreement, and I think he should respond in damages." In the case of Fain, &c. v. Turner's Administrator, 96 Ky., 634, 29 S. W., 629, a father had advanced to each of his other children $1,000.00 more than he had advanced to each of his daughters. After the father's death the mother promised the daughters to pay them one thousand dollars each if they would not bring suit and would allow the father's estate to be distributed without regard to advancements, which was done. The agreement not to sue or present their claims was held a sufficient consideration for the mother's promise. In the case of Gaither v. Bland, 7 Ky. Law Rep., 518, it was held that an agreement by one interested in the estate, not to oppose the probate of a will, was sufficient consideration to support the promise. In Sprigg v. Sprigg, 28 Ky. Law Rep., 944, 90 S. W., 985, an agreement by a legatee in her own behalf, and in behalf of her sister, who was mentally incompetent, and who was also a legatee, by which they were each to pay from their legacies to certain heirs of the testator a sum of money in consideration of the withdrawal on the part of such heirs of proceedings taken by them to contest the probate of testator's will, was sustained, as to both the legatee, who was *sui juris,* and the one who was mentally incompetent, the court holding, as to this legatee, that, even if she was not at the time in a state of mind to contend for her rights, the contract was in her interest and was such as a court of chancery would have approved if it had been submitted to it. So in Waller's Admx. v. Marks, &c., 100 Ky., 541, 38 S. W., 894, an agreement by one interested in testator's estate as an heir to abandon proceedings to contest the will of testator, was held to violate no principle of public policy, and to be a sufficient consideration to support a contract to pay money in

consideration thereof. Indeed the contention that such agreements are without consideration or are contrary to public policy is generally rejected. According to the weight of authority, neither ground is sufficient to invalidate the agreement, unless it appears that the agreement was secured through threats to contest the probate of a will, made in bad faith as a means of extorting a settlement. Blount v. Dillaway, 199 Mass., 330, 85 N. E., 477, 17 L. R. A. (N. S.), 1036; Grochowski v. Grochowski (Neb.), 109 N. W., 742, 13 L. R. A. (N. S.), 484; Bellows v. Sowles, 55 Vt., 391, 45 Am. Rep., 621; Leach v. Fobes, 11 Gray, 506, 71 Am. Dec., 732; St. Mark's Church v. Teed, 120 N. Y., 583, 24 N. E., 1014; Barrett v. Carden, 65 Vt., 431, 36 Am. St. Rep., 876, 26 Atl., 530; Re Garcelon, 104 Cal., 570, 32 L. R. A., 595, 43 Am. St. Rep., 134, 38 Pac., 414; Hartle v. Stahl, 27 Md., 157; Seip's Estate, 163 Pa., 423, 43 Am. St. Rep., 803, 30 Atl., 226; Bartlett v. Slater, 182 Mass., 208, 65 N. E., 73; Hindert v. Schneider, 4 Ill., 203; Hess's Estate, 27 Pa. Super. Ct., 498; Seaman v. Colley, 178 Mass., 478, 59 N. E., 1017; Stevens v. Clough, 70 N. H., 165, 47 Atl., 165; Moss v. Cohen, 158 N. Y., 240, 53 N. E., 8.

In the case under consideration plaintiff would have inherited a portion of the devised estate if the will had been broken. Other relatives of the testator instituted a contest. According to her evidence, the defendant made an agreement with her that if she would not unite in the contest he would pay her her share of the estate if the will was sustained. The agreement was not without consideration or contrary to public policy, and the evidence, we think, was not only sufficient to take the case to the jury, but to sustain the verdict.

By instruction No. 1 the court told the jury that if they believed from the evidence that the defendant approached plaintiff and prevailed upon her not to join the contestants of the will of James Sellars or take any action in connection with such proposed contest, and that defendant promised and agreed with plaintiff that if she would refrain from so doing and withhold her consent and take no action towards contesting said will, he, the defendant, would, in the event same was sustained and admitted to probate, pay and deliver to her the distributable share of such estate which she would receive but for such will, and they further believed from the evidence that by reason of any such promise and agree-

ment by defendant the plaintiff did refrain from such contest and did withhold her consent and took no action towards contesting the will, they should find for the plaintiff one-seventh of the value of said estate, to-wit: $714.28. By instruction No. 2 the court told the jury that unless they believed from the evidence that defendant contracted and agreed with plaintiff to refrain from joining in the will contest by promising and agreeing to give her her distributable share in the estate of James Sellars, and unless they believed by reason of such promise and agreement plaintiff did so refrain, then the law was for the defendant, and they should so find.

Defendant complains of the failure of the court to give an offered instruction to the effect that if the jury believed from the evidence that plaintiff refrained from joining in said contest proceedings, if she did refrain, on account of thinking it should not be broken, or because of her kind feelings for defendant, or on account of his assisting her and her family financially, and not because she was obligated by contract not to do so, they should find for the defendant. In view of the fact that under the given instructions plaintiff was not entitled to recover unless there was an agreement on her part to refrain from the contest, and because of the agreement she did refrain, we are not disposed to hold that the refusal of the offered instruction, which merely told the jury that if plaintiff refrained from the contest for certain particular reasons other than the agreement to refrain, was prejudicial error.

Judgment affirmed.