## Harkins v. Rozier.

(Decided April 27, 1934.)

JOSEPH D. HARKINS for appellant.

J. B. CLARKE for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Affirming.

S. J. Rozier brought this suit against Joseph D. Harkins on a note for $833.34, dated March 26, 1923, payable August 10, 1923, to Louis Kay, and assigned by Kay to Rozier. The defendant filed answer. The issues were made up. On the hearing of the case the court gave judgment in favor of the plaintiff. The defendant appeals, and in his brief relies on the following grounds for reversal:

(1) The case did not stand forsubmission at the time of the hearing; (2) the note sued upon was and is without consideration.

(1) The case did not stand for submission at the September 15, 1932. The motion to submit was sustained February 26, 1932, and there is neither objection nor exception to this ruling. The objection to the submission cannot be made here for the first time and in fact there is nothing in the record showing that the case should not have been submitted.

2. The objection that the note was without consideration requires a statement of the facts. L. S. Adams, J. D. Harkins, and S. J. Rozier were stockholders, officers, and directors of the Spiral Manufacturing Company, a corporation. The corporation was in debt to the General Engineering and Manufacturing Company, which agreed to accept a note for the bill. The debt amounted to $1,537.11. The three men named executed their notes to it for the debt dated March 1, 1922, and they were accepted by it in discharge of its debt against the Spiral Manufacturing Company. One note was for $1,000 and one for $572.11. The notes were deposited by the Engineering Company with the Lafayette South Side Bank, St. Louis. When the notes fell due, they were not paid. The bank wanted its money and Rozier could not meet them; he was a friend of Louis Kay, who was a man of some means. Rozier went to Kay and got him to pay the notes at the bank and have them assigned to him, he agreeing to pay Kay. After this time Rozier, who lived in St. Louis, came to Prestonsburg where Harkins lived and after the matter was explained to him he executed the note to Kay for $833.34, which was half of the debt. The note was delivered to Kay. Rozier paid his half of the debt, which Kay held, and also paid Kay the note he held against Harkins and took an assignment of it from Kay. Adams was insolvent and therefore the whole of the debt fell upon Harkins and Rozier.

The notes executed by Adams, Harkins, and Rozier to the General Engineering & Manufacturing Company were not without consideration; for the Spiral Manufacturing Company then got credit on the books for the debt and the signers of the notes thus got time on the debt. Adams being insolvent, Harkins was liable for one-half the debt and his note to Kay therefor was based

on an adequate consideration. By giving this note he secured time on the debt. The officers and stockholders of a corporation who give their personal obligation for the payment of a debt of the corporation and thus secure time on the debt cannot maintain that their promise to pay the debt is without consideration. Wallace v. Cook, 190 Ky. 262, 227 S. W. 279; 14 C. J. p. 172, sec. 1950.

It is also urged in the brief that the circuit court erred in allowing pleadings filed that were not verified. On September 15, 1931, a consent order was entered reciting that the original pleadings filed theretofore being misplaced, carbon copies thereof were substituted by consent therefor. Though these carbon copies are not verified, this does not show that the original pleading was not verified and there is nothing in record showing any objection on this ground. Such an objection cannot be made for the first time in this court.

Judgment affirmed.