BERNARD O. KEARNEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 67943.   Promulgated December 26, 1934.

*Arthur C. Gunther, Esq.*, for the petitioner.
*H. D. Thomas, Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner determined a deficiency of $4,580.83 in income tax for the year 1930. In the determination of this deficiency he added to the income reported on the taxpayer's return $23,333.34 representing income received as a result of a compromise settlement of a proceeding to contest the will of Matthew O'Doherty. This action of the Commissioner is the only error assigned. The facts of record have been stipulated.

The petitioner is an individual, residing at Louisville, Kentucky. He was a grandnephew of Matthew O'Doherty. The latter died testate on or about November 30, 1928, while residing in Louisville, Jefferson County, Kentucky. His last will and codicils thereto were duly probated in the Jefferson County Court on December 10, 1928. That will and its codicils provided for a number of specific bequests and provided that the residue of the estate should go one third to the widow of the decedent, Kathleen O'Doherty, one third to the Roman Catholic Bishop of Louisville, and one third to the Home for the Aged of the Little Sisters of the Poor and the Sisters of the Good Shepherd. Certain heirs of the testator were not satisfied with the property received by them under the will and instituted legal proceedings in the Common Pleas Branch, Jefferson Circuit Court, to contest the order of the Jefferson County Court probating the will, in an effort to set aside the will and have the property distributed under the Kentucky laws of descent and distribution as in the case

of intestacy. The petitioner was made a defendant in this proceeding. Thereafter the parties in interest entered into an agreement dated March 10, 1930. The agreement provided, *inter alia*, "that in addition to the legacies and devises under said will, the parties of the third part [the Roman Catholic Bishop of Louisville and the two other charitable corporations sharing in the residuary bequest under the will] shall pay to the parties of the fourth part [the heirs at law of Matthew O'Doherty, including the petitioner, Bernard O. Kearney] the sum of $700,000 * * *." The agreement further provided that the will contest action was settled and the parties to the agreement agreed that the will was the last will of the decedent and should be adjudged to be his last will and the estate administered according to the terms thereof. The heirs at law released all claims, interest, or demands of every and whatever kind they may have had against the estate of the decedent, except as provided in his will, and against the other parties to the agreement, including the widow and the executor. The petitioner received $23,333.34 in May 1930 as his share of the $700,000 paid in accordance with the agreement. The Chancery Branch of the Jefferson Circuit Court approved the agreement in so far as it affected certain infant heirs, and on April 26, 1930, the Common Pleas Branch of the Jefferson Circuit Court entered an order and judgment decreeing and adjudging that the will and codicils admitted to probate by the County Court of Jefferson County as the last will and testament of Matthew O'Doherty were the true last will and testament of Matthew O'Doherty. The petitioner did not report any part of the $23,333.34 in his income tax return filed for the year 1930.

The petitioner contends that the $23,333.34 was received by him as an inheritance from the estate of Matthew O'Doherty, deceased, and for this reason should be excluded from his gross income under the provisions of section 22 (b) (3) of the Revenue Act of 1928. He also contends that any tax on the receipt of this amount by him would be unconstitutional. Section 22 (b) (3) is as follows:

(b) *Exclusions from gross income.*—The following items shall not be included in gross income and shall be exempt from taxation under this title:

\*　　\*　　\*　　\*　　\*　　\*　　\*

(3) GIFTS, BEQUESTS, AND DEVISES.—The value of property acquired by gift, bequest, devise, or inheritance (but the income from such property shall be included in gross income).

The petitioner did not receive the amount in question under the decedent's will and, consequently, it was not property acquired by bequest or devise. Furthermore, he did not receive it as an inheritance from his granduncle. The latter disposed of all of his property

by his will and the codicils thereto, and the petitioner, with the other parties to the agreement, expressly agreed that his estate should be administered according to the terms of that will and the codicils thereto. No one inherited any property from him. Therefore, it seems obvious that the petitioner did not acquire the property in question by inheritance. As a matter of fact he did not receive the property from his granduncle nor from the latter's estate. Cf. *Cochran's Executor & Trustee* v. *Commonwealth*, 241 Ky. 656; 44 S.W. (2d) 603. Instead, he received it from an entirely different source, namely, from the Catholic Bishop of Louisville and two other corporations already referred to. These three corporations paid the money to the petitioner. It was their own money and, although they shared in the residuary estate of the decedent under the terms of his will, that fact does not make the payment an inheritance. Cf. *Hu L. McClung et al., Executors*, 13 B. T. A. 335. It was an amount paid under a contract in settlement of a law suit. There appears to have been no lack of adequate consideration flowing from the petitioner for the payment which he received under the agree- ment. Cf. *Sellars* v. *Jones*, 164 Ky. 458; 175 S. W. 1002; *Shella- barger* v. *Commissioner*, 38 Fed. (2d) 566. Apparently an actual controversy existed affecting the rights of the parties to the agree- ment. The petitioner gave up whatever rights he had which were adverse to the rights of the Bishop and the other two corporations in consideration of the payment to him of $23,333.34 by the three cor- porations, which were thus permitted to benefit under the will. Since there was consideration for the payment, it was not a gift. Section 22 (b) (3) does not apply.

However, the petitioner further contends that this payment was not income to him within the meaning of the term " incomes " as used in the Sixteenth Amendment to the Constitution of the United States and, therefore, to tax the receipt of it as if it were income would be unconstitutional. He relies upon the definition of income quoted by the Court in the case of *Eisner* v. *Macomber*, 252 U. S. 189, as follows: " Income may be defined as the gain derived from capital, from labor, or from both combined." The item in controversy would seem to fall within this definition rather than without. The peti- tioner apparently had some rights which he asserted or permitted to be asserted on his behalf. Then he gave up these rights in exchange for $23,333.34. The rights cost him nothing and had a basis of zero for gain or loss. Thus, from the assertion and disposition of his rights he derived a gain of $23,333.34. This was a gain derived from capital, from labor, or from both combined. It was income in the ordinary sense of the word and Congress had the power to tax it.

Cf. *Lynch* v. *Hornby*, 247 U. S. 339. Gross income is defined in section 22 (a) of the Revenue Act of 1928 as including gains and profits of whatever kind and in whatever form paid or from sales or dealing in property, whether real or personal, growing out of the ownership or use of, or interest in such property, or from the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. This definition is very broad and includes the gain in question. The Commissioner did not err. Cf. *S. A. Pierce*, 8 B. T. A. 1219.

*Decision will be entered for the respondent.*