In re CIABATTARI.

No. 13365.

District Court, W. D. Kentucky.

Oct. 16, 1939.

Samuel J. Stallings, of Louisville, Ky., for Romano Rosa.

George A. Brent, of Louisville, Ky., for trustee.

MILLER, District Judge.

Romano Rosa, claimant against the bankrupt estate, seeks to review an order of the referee in bankruptcy denying his claim and holding a chattel mortgage to secure the same invalid.

On July 11, 1928, M. B. Carso and Mary P. Natiello executed their note in the principal amount of $3,000 to the claimant Romano Rosa. About 1930 Mary P. Natiello married Ciabattari, who is now the bankrupt in this action. On August 27, 1932, Ciabattari purchased a. delicatessen shop from the claimant and gave in payment his note for $1,000. On July 20, 1935, Ciabattari executed his note to the claimant in the principal amount of $3,000 securing the payment of the same by a chat-

tel mortgage on the equipment in the delicatessen shop. This mortgage was duly recorded. This note and mortgage was given by the bankrupt because the claimant was demanding payment from the bankrupt's wife of the $3,000 note of July 11, 1928, and threatened legal proceedings unless the bankrupt gave the note in question. There is some conflict in the evidence as to whether the note of July 20, 1935, was given in payment of the note of July 11, 1928, or was merely given as collateral security on the note of July 11, 1928. It is undisputed that the note of July 11, 1928, was never surrendered. Ciabattari and his wife made numerous payments over a number of years to the claimant who applied them first to the payment of interest on the notes in question, then to payment of principal of the $1,000 note, then to payment of principal on the $3,000 indebtedness. The bankrupt's wife who made at least most of the payments admits that no instructions were given as to their application. The recording of the chattel mortgage of July 20, 1935, was not renewed before the expiration of three years, as required by Section 523b-11, Kentucky Statutes. The referee has disallowed all claims of the claimant on the grounds, First, that the note of July 11, 1928, is not an obligation of the bankrupt; second, the $1,000 note of August 27, 1932, was paid in full; third, the note of July 20, 1935, supported by the chattel mortgage is invalid for lack of consideration; and fourth, the chattel mortgage of July 20, 1935 is invalid in that it was not renewed before the expiration of three years in accordance with the provisions of Section 523b-11 of the Kentucky Statutes. The claimant seeks a review in this action on the part of the referee, with the exception of the disallowance of the $1,000 note, for which no claim has really been filed, claimant admitting that this note was paid by the application of the various payments above referred to.

There would seem to be no difference in result whether the note of July 20, 1935, was given in payment of the note of July 11, 1928, or was merely given as security for the note of July 11, 1928. If given in payment of the first note the cancellation of that claim would be sufficient consideration for the execution of the 1935 note. Consideration consists of either a benefit to the promisor or a detriment to the promisee. It is not necessary that both benefit and detriment exist. Wallace v. Cook, 190 Ky. 262, 227 S.W. 279. Although Ciabattari may not have received any benefit from the execution of this note, yet if it was given in payment of his wife's indebtedness to Rosa the promisee suffered a legal detriment in cancelling that claim against Ciabattari's wife. Harkins v. Rozier, 254 Ky. 61, 70 S.W.2d 982. If the new note was actually given in payment of the old note, the fact that the old note was not surrendered does not change the result; the obligation under the old note was cancelled whether it was surrendered or not. If the new note was given as security for the old note and in order to secure an extension of time in payment, instead of being given in payment of the old note there was valid consideration for the execution of the new note. A promise to give additional time in the payment of a note already past due is good consideration to support the promise of another. The holder of the past due note gives up a legal right in foregoing immediate suit and prosecution of his claims. Sellars v. Jones, 164 Ky. 458, 175 S.W. 1002; Miller v. Davis, 168 Ky. 661, 182 S.W. 839; Forsythe v. Rexroat, 234 Ky. 173, 27 S.W.2d 695. Accordingly, under either aspect of the transaction the note of July 20, 1935, executed by the bankrupt, is supported by a valid consideration. As none of the creditors listed by the bankrupt were such creditors at the time when this note and mortgage was given it can not be now attacked by them on the grounds of fraud or for being a preference.

It appears to be well settled that when a debtor owes to his creditor two or more debts the debtor has the right to direct the application of any payments made by him, but if the debtor fails to make such direction, then the creditor has the right, in the absence of intervening equities, to apply the payment to such debt as the creditor may select. Ratliff et al. v. Anderson et al., 195 Ky. 320, 242 S.W. 35. Since the debtor gave no such directions the action of the claimant in applying the payments as he did can not be upset.

Section 523b-11, Kentucky Statutes, which requires certain chattel mortgages to be re-recorded before the expiration of three years, is a part of an Emergency Act passed by a special session of the 1934 Legislature. Claimant contends that it applies only to chattel mortgages of agricultural products and is not applicable to the present chattel mortgage against the fix-

tures of the delicatessen shop. Section 523a-5, Kentucky Statutes, being an Act of 1928 and dealing with chattel mortgages generally, provides in substance that a chattel mortgage shall be valid for a period of 15 years from the date of maturity of the debts secured thereby. Claimant contends that the 1928 act was not repealed by the 1934 act dealing with agricultural products. The wording of the 1934 act shows very definitely that it was intended to take care of an emergency existing among the farmers in Kentucky and to provide sources of credit to farmers in distressed financial conditions, authorizing various government agencies to make loans to such farmers and to take as security therefor chattel mortgages on agricultural products, livestock, and allied items. The wording of the act is, however, not restricted to such chattels or to such sources of credit, but on the contrary provides that "any person * * * allowed by law to loan money * * * and take security therefor" may take a valid chattel mortgage "upon personal property of any kind" including, but not by the way of limitation, the various agricultural products and livestock thereafter mentioned. It also carried the following repealing clause: "All Acts and parts of Acts and statutory provisions and all laws or parts of laws in conflict with the provisions of this Act or any part of this Act are hereby expressly repealed." Acts 1934, Ex.Sess., c. 1, § 16.

The Kentucky Court of Appeals has not had occasion to pass upon the question of whether or not the 1934 act repealed Section 523a-5 of the Kentucky Statutes, which is part of the 1928 act. It is well settled that repeals by implication are not favored. It will also be noticed that Section 523b-11, Kentucky Statutes, being part of the 1934 act requiring re-recording within three years, specifically refers to a chattel mortgage executed "under and pursuant to this Act", rather than referring to all chattel mortgages generally. Also in 1938 the Legislature amended and reenacted Section 2514, Kentucky Statutes (Acts 1938, 1st Ex.Sess., c. 31, § 11), dealing with limitation of actions, which provides that no promise or payment of money by any person bound on an obligation for the payment of money secured by a lien shall operate as an extension of the time within which such lien may be enforced unless a memorandum of the extension is entered on the margin of the recorded instrument before fifteen years after the ma-

turity of the debt. By failing to except chattel mortgages from its provisions, this would indicate to some extent at least that the Legislature considered chattel mortgages as being valid for a period of fifteen years, as provided by Section 523a-5, Kentucky Statutes, instead of being valid merely for three years as provided by the emergency act of 1934. Considering these facts, together with the expressed purpose of the Legislature in passing the 1934 act, we are of the opinion that Section 523a-5 of the Kentucky Statutes (1928 act) is not affected by Section 523b-11 of the 1934 act, and that accordingly the failure of the claimant to re-record his chattel mortgage within three years from the time of its first filing does not invalidate the mortgage.

So much of the Referee's order of September 30, 1939, as sustains the objection of the trustee to the claim of Romano Rosa on the note of July 20, 1935, and the chattel mortgage to secure the payment of the same is set aside and said claim is held to be a valid one supported by a valid chattel mortgage against the personal property in question.