John S. Stump, Jr., and Ray Ash, both of Clarksburg, W. Va., for plaintiff.

## RECONSTRUCTION FINANCE CORPORATION v. MARKS.

### Civ. A. No. 139–C.

District Court, N. D. West Virginia.

Jan. 13, 1942.

Haymond Maxwell, Sr., Charles C. Scott, and Clarence Rogers, all of Clarksburg, W. Va., for defendant.

HARRY E. WATKINS, District Judge.

Plaintiff seeks to recover from defendant an alleged principal balance of $6,210.66, and accrued interest, upon a negotiable promissory note, dated November 28, 1933, signed by defendant, payable sixty days after date.to the order of West Virginia Bank, and endorsed by the latter bank to the plaintiff. The case was submitted to the court in lieu of a jury.

There is only one issue raised by the pleadings. The defendant contends that the complaint and note filed therewith affirmatively show that less than $3,000, exclusive of interest and costs, is in controversy, and, therefore, this court does not have jurisdiction. A motion to dismiss was made for lack of jurisdiction, which motion was overruled.

The complaint affirmatively alleged that more than $3,000, exclusive of interest and costs, was in controversy. This allegation is sufficient in the absence of any alleged facts to the contrary. It is true that on the back of the note filed as an exhibit with the complaint there are certain figures, seemingly giving the dates and amounts of certain payments, and then seemingly showing a corresponding reduction in the face amount of the note to $494.53. It does not appear from the note who made these figures, or whether they represented payments upon the note actually received and actually credited by the holder of the note to principal. In view of the affirmative allegation that more than $3,000, exclusive of interest, was in controversy, it is clear that plaintiff

did not consider them as payments actually credited to principal. In my opinion the figures on the back of the note were not in conflict with the allegations of the complaint, but, at most, raised only an ambiguity which might be fully explained, and was fully explained at the trial. Logan D. Veazey, a representative of the R. F. C., and John A. Hoffman, testified for plaintiff. Veazey told how these payments were actually credited, and explained the notations on the back of the note. No evidence was offered by defendant.

Pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, I make the following findings of facts and conclusions of law:

### Findings of Fact.

1. Plaintiff is the holder, as pledgee, of the note in suit. A substantial balance, in excess of $100,000, remains unpaid upon the debt of West Virginia Bank to plaintiff, for which debt the note in suit is held by plaintiff as collateral security.

2. Sundry payments have been made by defendant to the Receiver of West Virginia Bank, which have been transmitted by the receiver to the plaintiff, or to Federal Reserve Bank of Richmond, as custodian for the plaintiff, and these payments have been credited by the plaintiff, first, upon interest then accrued and unpaid, and the balance of such payments have been credited upon the principal of the note in suit. All payments were credited on the note as of the date such payment was made to the receiver, in Clarksburg, West Virginia.

3. The entries upon the reverse side of the note in suit were placed there by the custodian, the Federal Reserve Bank of Richmond, which has never had any beneficial interest in the note, but is paid a fee for acting as custodian of assets of the Richmond, Va., branch of the R. F. C. The Federal Reserve Bank of Richmond, as such custodian, maintained a "collateral balance" on each loan made by R. F. C. and on each item of collateral held by it, as custodian. In maintaining this collateral balance, no account was made of interest at the time a payment was received. When a payment was received upon a collateral note held by it as custodian for R. F. C. it made a notation thereof on the back of the note. The payments were so numerous that it was not practicable to figure up the balance of principal and interest due as each payment was made. When it appeared that the payments were about to equal the principal of the note, and the note about paid off, the actual calculation of the balance due on the note was made, applying the payments first to accrued interest and then to reduction of principal. Such notations were for the convenience of the custodian, and were never intended to represent, and did not represent, actual credits applied wholly to principal. Deductions from principal were made in the notation in order that the custodian might know when the note was nearing liquidation, and required calculation of interest.

4. There were no directions by the defendant with respect to the application of payments, nor any agreement between defendant and plaintiff, nor between defendant and the receiver of West Virginia Bank, with respect to the application of any payments.

5. A balance of principal remained due, owing and unpaid in the amount of $6,210.66 on May 12, 1941, and upon this unpaid balance of principal there has accrued $247.31 interest, to and including the date of trial, making a total amount due, owing and unpaid as of the date of trial, January 12, 1942, of $6,457.97.

6. More than $3,000, exclusive of interest and costs, is in controversy, and this court has jurisdiction of this action.

### Conclusions of Law.

1. In the absence of any agreement to the contrary and of any direction from the debtor with respect to the application of partial payments, as between principal and interest, the holder of the note not only had the right, but as pledgee was charged with the duty of applying the payments in accordance with law, that is, first to the payment of any interest then accrued and unpaid, and the balance, if any, to the reduction of the principal indebtedness.

2. The plaintiff is entitled to judgment against the defendant for the unpaid balance of the note, with interest to the date of trial, amounting to $6,457.97, and its costs in this behalf expended. An order may be entered accordingly.