## MARKS v. RECONSTRUCTION FINANCE CORPORATION.

### No. 4959.

Circuit Court of Appeals, Fourth Circuit.

July 30, 1942.

Clarence Rogers and Charles C. Scott, both of Clarksburg, W. Va., for appellant.

John S. Stump, Jr., of Clarksburg, W. Va. (Ray Ash, of Clarksburg, W. Va., on the brief), for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

Jack Marks (hereinafter called Marks), executed, for value, his negotiable promissory note for $17,500 to the West Virginia Bank (hereinafter called the Bank), dated November 28, 1933, and due 60 days from date. This note, as collateral for a loan by the Reconstruction Finance Corporation (hereinafter called R. F. C.), to the Bank, was, before maturity, assigned,

pledged and indorsed by the Bank to the R. F. C., which thus became a bona fide holder of the note for value. Marks is a citizen of the State of West Virginia, residing in the Northern District thereof. R. F. C. is a corporation organized and existing under the laws of the United States; all of its capital stock is owned by the United States, and it is an arm and instrumentality of the United States for the carrying out of the purposes and objects of the United States, as set forth in the Reconstruction Finance Act, as amended and supplemented. 15 U.S.C.A. § 601 et seq. Since its creation, R. F. C. has always been, and is now, solely engaged in carrying out these purposes and objects. The Reconstruction Finance Act expressly gives to R. F. C. the right to sue and be sued "in any court of competent jurisdiction, State or Federal." 15 U.S.C.A. § 604.

R. F. C. instituted, in the United States District Court for the Northern District of West Virginia, a civil action against Marks for the balance of principal and interest remaining unpaid upon this note. Trial was had before the court without a jury, resulting in a judgment in favor of R. F. C. and against Marks for $6,457.97. From this judgment Marks duly appealed.

Marks denies the jurisdiction of the District Court on two grounds, which we now proceed to consider. We are convinced that these attacks on the jurisdiction are utterly lacking in merit.

▉▉ The first ground of attack is the celebrated "Assignee Clause", 28 U.S.C.A. § 41, which provides:

"No district court shall have cognizance of any suit (except upon foreign bills of exchange) to recover upon any promissory note or other chose in action in favor of any assignee, or of any subsequent holder if such instrument be payable to bearer and be not made by any corporation, unless such suit might have been prosecuted in such court to recover upon said note or other chose in action if no assignment had been made. * * *"

Marks could not here have been sued in the District Court by the Bank on the note; so, he argues, action cannot, by virtue of the "Assignee Clause", be brought against him on the note by R. F. C., the assignee of the Bank. This contention is effectively answered in Sowell v. Federal Reserve Bank, 268 U.S. 449, at page 455,

456, 45 S.Ct. 528, at page 530, 69 L.Ed. 1041, in which Mr. Justice Stone said:

"We thing that a reasonable interpretation of the language of the clause in the light of its history, its obvious purpose at the time of its enactment, and judicial declarations as to its meaning and effect, and the fact that the provision for jurisdiction generally over suits arising under the laws of the United States was enacted later, and without any exceptions, lead to the conclusion that it should be so applied as not to limit jurisdiction arising from the nature of the subject-matter of the suit, as is the case in suits brought by or against corporations organized under the laws of the United States."

And see, also, United States v. Greene, 26 Fed.Cas. page 33, No. 15,258; 4 Mason 427; Federal Reserve Bank v. Webster, D.C., 287 F. 579; Reconstruction Finance Corp. v. Krauss, D.C., 12 F.Supp. 44; Hood ex rel. North Carolina Bank & Trust Co. v. Bell, 4 Cir., 84 F.2d 136.

▉ Nor can we approve the contention of Marks that the operation of the "Assignee Clause" and the authority of the Sowell case are impaired in any measure by the enactment of 28 U.S.C.A. § 42:

"No district court shall have jurisdiction of any action or suit by or against any corporation upon the ground that it was incorporated by or under an Act of Congress. This section shall not apply to any suit, action, or proceeding brought by or against a corporation incorporated by or under an Act of Congress wherein the Government of the United States is the owner of more than one-half of its capital stock."

When, as in the instant case, the United States owns more than one-half of the capital stock of the corporation chartered by Congress, then, as before the enactment of § 42, a suit by or against such a corporation arises under the laws of the United States. We cannot follow the argument of Marks that Congress could not have meant that the jurisdiction of the District Court attaches when the United States owns 51% of the stock of the corporation and does not attach when the United States owns only 49% of the corporate stock. Congress said just this in very clear language and we must give effect to this language. The wisdom of the result thereby reached is for Congress and not for the courts.

The next attack on the jurisdiction of the District Court, more ingenious but equally unsound, is based on the ground that the complaint of R. F. C., plus the note filed by R. F. C. as an exhibit, show conclusively that the amount in controversy here does not exceed the required $3,000, exclusive of interest and costs.

The complaint affirmatively alleged that more than $3,000, exclusive of interest and costs, was in controversy. But, on the reverse side of the note were three vertical columns. The first column contained dates—the month, the day of the month and the year. The second and third columns consisted of figures in arabic numerals. It does not appear on the back of the note who made these figures. There are no dollar marks, and no explanatory words or symbols, such a "paid", "received", "credit" or "balance". Yet it is only fair to say that the seemingly obvious deduction of a reasonable person would be that the first column indicated the date of a payment on the note, the corresponding figure in the second column would indicate the amount of this payment, and the corresponding figure in the third column would give the balance due on the note after this payment. It would seem further from these columns, at first glance, that each payment was applied solely to the reduction of the principal, with no application of these seeming payments, in whole or part, to interest.

The last figure in the third column on the back of the note was "494.53". Marks now contends that this indicates that four hundred, ninety-four dollars and fifty-three cents is the amount due on the note; that there is a conflict between the complaint and the exhibit therewith filed; that the exhibit is controlling and conclusively establishes $494.53 as the amount due on the note; and that, as this is manifestly less than the required jurisdictional amount, the action should be dismissed.

Counsel for Marks cite a number of cases holding that where there is a clear conflict between the allegations of a pleading and an exhibit attached thereto, the exhibit conclusively controls. See Frigorifico Wilson de la Argentina v. Weirton Steel Co., 62 F.2d 677, 679, decided by this Court; Jones v. Peacock, D.C., 3 F.2d 827; Simmons et al. v. Peavy-Welsh Lumber Co., 5 Cir., 113 F.2d 812; Atlantic Terra Cotta Co. v. Moore Construction Co., 73 W.Va. 449, 80 S.E. 924; Caswell v. Caswell, 84 W.Va. 575, 100 S.E. 482. We need not question the authority or correctness of these decisions; but, we think, they have no application to the instant case.

As Judge Harry E. Watkins observed, in his opinion filed in this case in the District Court, 42 F.Supp. 901, 902: "The figures on the back of the note were not in conflict with the allegations of the complaint, but, at most, raised only an ambiguity which might be fully explained, and was fully explained at the trial."

It has been expressly held that mere indorsements on the back of the note, similar to those now before us, can be explained by parol evidence. See 8 Am.Jur. 675; Clarendon County v. Curtis, 46 F.2d 888, decided by this Court; Bell v. Campbell, reported in 123 Mo. 1, 25 S.W. 359, 45 Am.St.Rep. 505; Theopold v. Deike, 76 Minn. 121, 78 N.W. 977, 77 Am.St.Rep. 607; Chamberlain v. Chamberlain, 116 Ill. 480, 6 N.E. 444.

We are not impressed by the objections, made on behalf of Marks, to the testimony of Mr. Veazey, an official of R. F. C., and Mr. Hoffman, receiver of the Bank. The evidence of R. F. C. amply justifies the finding of Judge Watkins that these figures on the back of the note were entered by some representative of the Federal Reserve Bank, the mere custodian of the note, in connection with a theory of "collateral balance", which we need not here attempt to explain. This evidence of R. F. C. was clear as to payments and credits on the note and afforded ample warrant for the finding by the Court as to the amount for which judgment should be entered. And no evidence whatever was introduced on behalf of the defendant, Marks.

The record discloses no evidence of any directions or agreements with respect to the application of payments on the note, whether to principal or interest. In such a case, the law, as stated by Judge Watkins, seems quite clear:

"The holder of the note not only had the right, but as pledgee was charged with the duty of applying the payments in accordance with law, that is, first to the payment of any interest then accrued and unpaid, and the balance, if any, to the reduction of the principal indebtedness."

See, also, American Cigarette & Cigar Co. v. Bowers, 2 Cir., 92 F.2d 596; Bidwell v. George B. Douglas Trading Co., 2

Cir.; 183 F. 93; In re Ciabattari, D.C., 29 F.Supp. 573.

Then, we notice one final contention for Marks to the effect that the loan by R. F. C. to the Bank carried interest (as was apparently customary with loans made by R. F. C.) at the rate of 4% per annum, while the note in suit carried interest at a higher rate. Therefore, according to counsel for Marks, R. F. C. was acting outside the limits of its authority, and was thereby violating the Fifth Amendment to the Constitution of the United States by depriving Marks of his property without due process of law. We hardly think this argument requires much refutation. R. F. C. here was a mere pledgee of the note in suit, subject to both the incidents of the pledge and the rights of the Bank as pledgor. By foregoing or forgiving any portion of the interest legally collectible on the note, R. F. C. would have been gaily giving away the property rights of the Bank, pledgor of the note.

The judgment of the District Court is affirmed.

Affirmed.